ALEPH GOFF v. JAMES B. RUSSELL.

*Error from Bourbon County.*

The issuing of summons by the clerk of District Court without a precipe is not an error of which defendant can complain. *Semble*, in such case the clerk might safely refuse to issue.

Where the summons shows that no seal of court has been provided, *held* that in such case the clerk may use his private seal, (sec. 4, chap. 68, Comp. L.,) but private seals having been abolished, (sec. 5, chap. 38, Comp. L.,) *held* that the court cannot presume the clerk had a private seal, and that the use of such is unnecessary. *Semble*, that the use of a scroll by the clerk would afford no authentication of the summons.

In an action on a promissory note where summons has been served and defendant has failed to appear or answer, and where the record shows that the cause was tried by the court, the plaintiff consenting, in absence of

Goff v. Russell.

exceptions, *held* that under sec. 290 Civil Code, the Supreme Court will presume that the court below had sufficient evidence before it for, and had power to render the judgment.

The case fully appears in the opinion of the court.

*D. P. Lowe*, for plaintiff.

*John Martin*, contra.

*Lowe* cited :

1st.   As to want of precipe, Civil Code, secs. 64 and 595.

2d.   As to want of seal, Constitution, sec. 1, article 3 ; Civil Code, sec. 68 ; Comp. L., p. 454, sec. 4 ; 6 Ohio Rep., 11.

3d.   As to the rendition of judgment by the court without the intervention of a jury, Constitution, " Bill of Rights," sec. 5 ; Civil Code, sec. 290.

4th.   That the errors complained of were available, Civil Code, sec. 526.

*Martin* cited :

As to first point, Civil Code, secs. 640, 595.

2d.   Section 1 article 3, Constitution ; Comp. L., 454 ; Seeney's O. Code, 78, note 1, to sec. 57.

3d.   Civil Code, secs. 290 and 386 ; Id., secs. 305, 547, 549, 550, 540.

4th.   Rucker *v.* The Palmetto Town Company ; Humphrey, Terry & Co. *v.* Ballard & Merrill, Territorial Sup. Ct., MSS.

*By the Court*, SAFFORD, J.

The record shows that this suit was based upon an ordinary promissory note ; that a summons was issued and duly served upon the defendant below, now plaintiff in error ; that no answer was filed nor appearance made by the defendant ; that the cause was tried by the court, amount of damages assessed, and judgment rendered

against the defendant Goff, who brings the case to this court on a petition in error.

Several errors are assigned :

*First.* That no precipe was filed with the clerk of the District Court, demanding that a summons issue against the defendant, and furnishing the amount of plaintiff's demand. It is true that it was the duty of the plaintiff to file such a precipe with the clerk, and until he did so, the clerk might have refused to issue a summons and been excused therefor. But as the clerk in this case proceeded to issue the summons required by law with the proper endorsements thereon, setting forth the amount of plaintiff's claim, we are unable to see how the defendant could be at all prejudiced by the failure of the plaintiff to file a precipe.

The plaintiff in error further complains that there was no seal attached to the summons in said cause. The summons itself shows that the seal for the District Court had not been provided. To meet such a case, section 4, chap. 68, Comp. Laws, 1862, was enacted. It provides that when no seal is provided, the clerk may use a private seal, wherewith to authenticate the process of the court. But the use of private seals under our law is considered unnecessary. In fact, such use has been abolished by statute. *Chap.* 38, *Comp. L.,* *sec.* 5.

We cannot therefore say or presume that the clerk who issued the summons in this case, had any such private seal, or if he had that it was or could be anything more than a private scroll, the use of which would certainly afford no authentication of the summons.

The remaining grounds of error complained of may be considered together.

The record shows that the cause was tried by the court, the plaintiff consenting. This was in accordance with the provisions of section 290 of the Code, which provides that "the trial by jury may be waived by the consent of the party appearing, when the other party fails to appear."

The defendant, Goff, did fail to appear, and the court after finding the amount due from the defendant to the plaintiff, (which we are bound to presume was done upon sufficient evidence,) proceeded to render judgment therefor. Taking the whole case together, we can see no error at all prejudicial to the rights of the plaintiff in error.

The judgment of the District Court must be affirmed. All the justices concurring.