UNION PACIFIC RAILWAY COMPANY, E. D., *et. al.*, v. DANIEL HORNEY.

*Error from Jefferson County.*

1. When the record of a case, or portions of the same, are reasonably susceptible of different constructions, this court will adopt that construction which shall result in harmonizing the whole record; and if the whole record thus harmonized is sufficient to support the judgment of the inferior court, such judgment will be allowed to stand.

2. When the record contains a statement that "the defendants were severally duly

called but came not, nor either of them," it sufficiently shows that such defendants were not present by attorney or otherwise, even though one of such defendants may be a corporation.*

3.  When issues have been made up in a case, and when one of the parties have failed to appear at the trial, it is competent for the party, who is present, to submit the issues to the court for decision and judgment under section 289 of the code.

4.  It is sufficient in such a case that the court finds generally in favor of the plaintiff or defendant unless requested to do otherwise.

5.  When an action is brought against more than one defendant, but the judgment is against one of them, it is error to adjudge all the costs against the losing defendant. The plaintiff should be required to pay all costs made by himself in bringing into court the winning defendant, or by himself or such defendant in the prosecution of the case as against such defendant.

It is proper for this court to direct a judgment defective in this respect to be corrected by the court below.†

The facts in the case sufficiently appear in the subjoined opinion:

*E. W. Dennis*, for plaintiff in error.

*Keeler & Johnson*, for defendant in error.

*Dennis, for plaintiffs*, submitted.

1.  The trial by the court, without a jury, was contrary to law. A jury was not waived in the way prescribed by the statute.  *Civil Code*, § 266, 289.

The New York rule is rigid in this respect.  1 *Morrill's Pr.*, 644; 3 *Cow. R.*, 367; 1 *Hill*, 101; *N. Y. Civil Code*, § 266, 1 *Code R.*, 83.

2.  A party claiming advantage by default of his adversary must clearly show a complete default under the

*1.  EVIDENCE: PRESUMPTIONS.—The presumptions are all in favor of the regularity of the proceedings of the district court.

†2.  DEFINITIONS.—"Regularly called for trial," means calling a case for the purpose of entering upon the actual trial thereof, in accordance with previous orders regularly made.

3.  MOTION: GROUNDS OF.—It seems the grounds of a motion to set aside a judgment, to make the motion available, should appear of record.

4.  APPEARANCE: ATTORNEY.—Where a party is represented in a civil action, by his lawful attorney, he is in legal effect present himself.

5.  TRIAL: FINDINGS BY COURT.—A statement in a general finding by the court for the plaintiff under § 290, civil code, "that upon the petition of the plaintiff, and the several answers of defendant, the testimony and proofs of the plaintiff herein the court finds, etc," Held, sufficient in an action where defendants fail to appear at the time of trial.

6.  COSTS.—The costs in Supreme Court divided.

law. In this case the default was not complete unless defendants failed to appear, either by themselves or by attorney. The statute should be strictly construed. A jury can be waived only in the manner prescribed by law. *Shaw v. Kent*, 11 *Ind.*, 80; 2 *Hilton*, [*N. Y. City*,] 455; *Lewis v. Varnum*, 12 *Abb. Pr.*, 305.

3. The recital of the record that the defendant—a corporation that could not appear except by attorney— "did not appear," is only a recital that it did not appear personally. The statute providing substantially that a jury could not be waived where there was an appearance of the defendant "by himself or by attorney" without consent, the record should show in all cases that defendants did not appear, either personally or by attorney.

4. But the company having once appeared in the case by attorney is deemed always to be present, and a jury could not be waived without consent.

5. The judgment is clearly irregular in this: that, although the court found for the defendant Ricord, costs are not awarded to him against the plaintiff; and the defendant Ricord, plaintiff in error, here insists that said judgment should therefore not stand.

6. The finding of the court is bad because it does not state *upon* what nor *for* what there was due to the plaintiff below, from the railway company, the sum awarded. To bar another recovery the basis of this one should distinctly appear.

7. The judgment must, in any view, be set aside, because the record shows that the same was taken and rendered at the same term, when and after and notwithstanding it had been stipulated by the parties and ordered by the court that the cause should be continued to the next term. It therefore did not "come on regularly for trial," but was taken up and tried irregularly. It

was evidently an oversight of the court in not observing the continuance.

*Keeler & Johnson, for defendant,* submitted:

1. A trial by jury was not had, but the cause was submitted to the court without the consent of plaintiff in error.

Under section two hundred and eighty-nine [*p.* 684 *Gen. Stat.*] the trial by jury may be waived by the parties in action, arising on contract, and with the consent of the court in other actions in the following manner: By consent of the party appearing when the other party fails to appear at the trial by himself or attorney, etc.

The failure of the plaintiff in error to appear at the trial by himself or attorney, authorized the defendant in error to wave the trial by jury and submit the cause to the court, which he did in this case. *Goff v. Russell,* 3 *Kas.,* 212; *Gen. Stat.,* 684, 289.

2. No exceptions shall be regarded unless it is material and prejudicial to the substantial rights of the party excepting, and the wrong must be *both* material and prejudicial to plaintiff's rights. [*Gen. Stat.,* 687, § 304.] It does not appear that the plaintiff in error ever filed any motion in writing in the court below for a new trial or to set aside said judgment upon any of the grounds mentioned in the statute or upon any other grounds, nor that the plaintiff in error had any valid defense to said action, nor that it was made within three days from the rendition of the judgment herein. *Gen. Stat.,* § 306 *to* 310 *inclusive and* §§ 570, 571, 572; 3 *Kas.,* 80.

3. The motion to set aside the judgment and for a new trial may have been upon other grounds than those now contended for, for aught the record shows, and if different, then the plaintiffs in error are in this court

without ever having the questions, now presented, passed upon by the court below. *McBride v. Hartwell*, 2 *Kas.*, 410; *Pope v. Densmore*, 8 *Cobb*, 429; *Cooley v. Williams*, 6 *Bosw.*, 558; *Branner v. Weaver*, 1 *Kas.*, 488.

Entry of the judgment shows that the defendants in the court below, now plaintiffs in error, and their attorney, J. P. Usher, "were severally duly called" before the trial of this cause was commenced and came not, nor either of them. See judgment.

Where the record is certified to be a full and true transcript the court is bound to treat it as such. 4 *Kas.*, 160.

5.   The court need not state findings of law and fact, except generally, unless requested by the plaintiff or defendant. *Gen. Stat.*, 684, § 290; 3 *Barb.*, 236; 13 *N. Y.*, 341; 16 *N. Y.*, 610; 3 *Kas.*, 344; 13 *How. P. R.*, 344, *and cases there cited*; 2 *Kas.*, 337.

6.   The Supreme Court shall render such judgment as the court below should have rendered, or remand the case back to the court below for such judgment where it appears upon the transcript what judgment should have been rendered. If Ricord is entitled to a judgment against Horney for costs, this court should render such judgment or remand the case to the court below with instructions to render such judgment. *Gen. Stat.*, 740, § 559.

*By the Court*, SAFFORD, J.

It appears from the record in this case, that the petition of Daniel Horney against the Union Pacific Railway Company, *et al.*, was filed September 29th, 1868. The defendants were duly served with process, as appears from the return of the sheriff, endorsed upon the sum-

mons, which summons and return was filed in the office of the clerk of the district court, October 3d, 1868. The defendants filed their separate answers to said petition in due time, to-wit: on the 28th day of October; and these answers were the last pleading's filed in the case.

The record shows that the next proceeding had in the case, was an order of continuance "until the next term," which was made in open court by consent of parties, who it would seem were all represented; the plaintiff by his attorneys, and the defendants by their attorney.

No objection appears to have been made to this proceeding, coming from any source or on any ground.

The record fails to show the date of this order of continuance, but it could hardly have been made at any other than the November term of the court, which was fixed by law to commence in said county of Jefferson, on the second Monday of that month, and which was the first term to be begun and held after the issues in the case were made up, and at which the case would, by the ordinary course of proceedings in the district court, have first stood for trial. The next steps in the case, as shown by the record, were those occurring at the trial.

The defendants did not appear; a jury having been waived by counsel of the plaintiff, the cause was submitted to the court.

The finding was in favor of the plaintiff and against the railway company, and judgment was rendered accordingly.

As in the case of the order continuing the cause above referred to, the record fails to show the date of these last mentioned proceedings. They might, for all that the record positively and affirmatively shows, have been had at the same term at which the order of continuance was entered, in which case there would have been

manifest error.   They might also have taken place at a special term, if any such had intervened, or still later, at the May term of said court, A. D. 1869, but not afterwards as the record, which is filed in this court in the case, closes on the 7th day of June following.   The latter term, it would seem probable, was the one at which the trial was had, and we have some grounds for this view; the statement in the record is, that the case was "regularly called by the court for trial;" and in the event that no special term intervened, between the November term, 1868, and the said May term, 1869, of which we have no proof or intimation, it was not until the last mentioned term that the case could have been "regularly called for trial."   By this term we now wish to be understood as meaning, that the case was called for trial for the purpose of entering thereon, and that rightly, and in accordance with all previous orders, if regularly done.   Whether this is the meaning of the phrase, as used in the record, may not be entirely certain.   But besides this, there is a further statement in the record that "this cause came on regularly for trial, whereupon, etc."

RECORDS: REGU-
larity of.
It is also to be remembered in this connection that all the presumptions are to be taken as in favor of the regularity of the proceedings, unless the contrary is shown.   Hence, we are not to say that the case was taken up and tried before it could properly be done.   The next step in the case, we are led to believe, occurred at the said May term, 1869, and was the presentation of a motion by the defendant to set aside the judgment.

JUDGMENT: Mo-
tion to set
aside.
Upon argument and submission thereof to the court, this motion was overruled, and the defendants excepted.   This exception to the

overruling of the motion to set aside the judgment, is the only one that was taken, and this appears by the record only, no bill of exceptions having been taken and signed.

GROUNDS
Thereof. Upon what grounds the motion referred to was based, we are unable to say, and as a consequence, are unable to perceive what the court did or did not decide, or what errors, if any such, existed, were or were not waived by the parties. For ought we know, not a single point made by the plaintiffs here, was brought to the notice of the court below.

JURY:
Waiver of. We will, however, notice briefly the arguments of the plaintiff in error.

It is insisted in their behalf, that it was error for the court to try the cause, as was done, for the reason that a jury was not waived according to law, in this, to-wit: that the record does not show that the defendants, the railway company, "failed to appear by attorney."

We are compelled to differ with learned counsel upon this point. It *is* shown by the records that the defendants herein, Marshall Ricord and the Union Pacific Railway Company, Eastern Division, having heretofore severally appeared in this cause by J. P. Usher, Esq., their attorney, etc., "are severally called, but came not, nor either of them."

This, it seems to us, is a sufficient statement that the defendants, nor either of them, were present at the trial by attorney or otherwise; for it is held, and rightly, that where a party is represented by his lawful attorney, he is, in legal effect, present himself.

But counsel say that so far as the railway company is concerned, it being a corporation, could appear in no other way than by attorney. Granted; and of how much more force, and how much stronger, is the declaration that such defendants failed to appear? Is it not saying,

in as strong terms as could well be used, that such defendant was not present by attorney, inasmuch as that was the only way in which the railway company was able to be present? We think, therefore, that the record sufficiently shows that the defendants in this case were not represented, either by attorney or otherwise, on the trial below, and that under the circumstances a jury was properly waived by the party appearing, and the cause properly submitted to the court. [*Civil Code*, §§ 266, 289; 3 *Kas.*, 212.] Objection is made to the finding of the court for the reason that it does not state upon what, nor for what, there was due to the plaintiff from the railway company the sum stated. The statement of the court is that "upon the petition of the said plaintiff, and several separate answers of said defendants, and testimony and proofs addressed by said plaintiff herein, the court finds," etc. This, it appears to us, was a sufficient finding under the circumstances and under the law, [§ 290, *Civil Code*,] which provides that it shall not be necessary for the court to state its finding except generally, unless one of the parties request it, etc. In this case there was no request that the court should state the conclusions of fact found separately from the conclusions of law. The failure to do so was not error.

It is further claimed that the judgment of the court is erroneous so far as it involves the question of costs. This is no doubt true, as is apparent upon the record. The defendant, Ricord, was entitled to recover all his costs as against the plaintiff; and so much of the whole of the costs as was made by the plaintiff in getting the said Ricord into court, or in prosecuting the action against him, should also be paid by the plaintiff. We shall therefore direct the judgment to be corrected in this particular, and in accordance with the views above

expressed. Otherwise the judgment of the district court may be affirmed. We further give judgment for his cost in this court in favor of the defendant, Ricord. The remainder of the costs have to be divided equally between the plaintiff and the railway company.

All the justices concurring.