GEORGE W. SUTHERIN *et al.*, *as Partners, etc., Appellees,*
v. F. O. CHESNEY *et ux., Appellants,* and WILL M.
RANDALL *et al., Appellees.*

No. 17,123.

### SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN — *Voluntary Appearance* — *Time of Commencing Action.* In an action to foreclose a mechanic's lien the petition was filed and the cross-petitions of other lienholders who were made defendants were filed before the sixty-day period had elapsed in which the owner is not liable to an action. No summons was issued for the defendant owner, who was a nonresident, and no attempt was made to procure service by publication. After the sixty-day period had elapsed the owner voluntarily appeared and answered. *Held,* that, as to the owner, the action was commenced at the date of the voluntary appearance, and hence, that the suit was not prematurely brought.

2. ———— *Husband Acting as Agent for Wife—Personal Liability.* While the statutory power of a husband to create a mechanic's lien upon his wife's property (Civ. Code, § 649) does not extend to binding her personally for the price of material furnished to him under his own contract, she may constitute him her agent in fact and in that capacity he may create a personal liability on her part, as well as a lien upon her property.

Appeal from Shawnee district court. Opinion filed
June 10, 1911. Affirmed.

*Frans E. Lindquist,* for the appellants; *Eugene S.
Quinton,* of counsel.

*H. W. Page, W. E. Atchison, C. J. Evans, Leonard S.
Ferry, Thomas F. Doran,* and *Charles A. Magaw,* for
the appellees.

The opinion of the court was delivered by

BURCH, J.: On April 14, 1909, Sutherin and Company filed a petition to foreclose a mechanic's lien, making Lela Diehl Chesney, the owner of the property, and her husband, F. O. Chesney, defendants. No sum-

mons was issued for these defendants, who were non-residents of the state, and no attempt was made to serve them by publication, but on June 3, 1909, they entered their voluntary appearance. When the petition was filed a number of lien claimants were made parties defendant. These defendants answered and filed cross-petitions setting up their liens before the Chesneys appeared in the cause. The plaintiff's petition was filed, and several of the cross-petitions were filed, before the sixty-day period had elapsed in which the owner is not liable to action. This period had elapsed, however, before the Chesneys appeared. Issues were framed and after a trial all the liens were foreclosed. The owner claims that the action was prematurely brought by the plaintiff and by those defendants who filed their cross-petitions before the expiration of the sixty-day period.

An action is commenced by filing a petition and causing summons to be issued thereon. (Civ. Code, § 58.) A voluntary general appearance is equivalent to service. (Civ. Code, § 68.) For the purpose of avoiding the bar of the statute of limitations an action is deemed to be commenced at the date of the summons which is served. (Civ. Code, § 19.) The filing of the petition did not begin an action against the Chesneys. Neither did the filing of the cross-petitions. No summons having been issued, and no attempt having been made to serve them in any other way, no action was commenced against them until they voluntarily appeared. The situation was the same as if the petition and the various cross-petitions had been filed on June 3. The sixty-day period then having elapsed the action was not prematurely commenced.

The case of *Insurance Co. v. Bullene,* 51 Kan. 764, is cited, in which it was held that where certain defendants seek to enforce their demands against a codefendant the action will be deemed to be commenced against

such codefendant when the answer setting up the demands is filed. In that case Bullene, Moore, Emery and Company brought suit to recover on a policy issued by the insurance company. Six months later the petition was amended to bring in a number of new parties who, three months afterward, filed cross-petitions claiming interests in the policy. The policy provided that suit must be commenced within six months after loss. Of course, the suit of the new parties against the insurance company dated from their first attempt to enforce their demands. If, however, these parties had been joined at the beginning, and had filed their cross-petitions, and nine months afterward the insurance company had been served with summons or had entered its voluntary appearance, their demands would have been barred.

The case of *Wood v. Dill*, 3 Kan. App. 484, is instructive. In an action to enforce a mechanic's lien the owner was served within the year allowed for the bringing of such suits. A mortgagee was not made a party within that period and it was held that the right to enforce the mechanic's lien was lost as to him. At page 490 of the opinion the following was quoted from the case of *Smith v. Hurd*, 50 Minn. 503:

"As to each defendant in an action, the action is commenced and is pending only from the time of service of the summons on him or of his appearance without service; and, where each may object that the action was not commenced within the time limited by statute, its commencement as to his objection is to be determined by the time of service on him, and not by the time of service on some other defendant. This is a rule applicable to every action, and applies as well to actions to enforce mechanic's liens as to any others." (p. 507.)

Although the Minnesota statutes relating to the manner of commencing an action differ from our own, and although the case from which the quotation is taken involved the question whether the action was

commenced too late, the general principle applies to cases like the one under decision.

When an attempt has been made to procure service on a defendant and he subsequently enters an appearance for any purpose other than to contest jurisdiction he waives all irregularities which may have attended the effort to get him into court; and when a petition is filed the action is pending so as to charge third persons with notice, provided a summons be served or the first publication be made within sixty days. But the mere filing of pleadings against a defendant does not commence an action against him, and if no effort be made to procure actual or constructive service upon him, and he afterward appears, the action is commenced as to him when he appears.

Sutherin and Company, Randall, The Howard Electric Company, Messick and Lowe pleaded contracts with F. O. Chesney and Lela Diehl Chesney. Hill pleaded a contract with Lela Diehl Chesney through her authorized agent, Keller. Gustafson and Pribble, The Shawnee Lumber Company and Swalwell pleaded contracts with Lela Diehl Chesney through her authorized agent, F. O. Chesney. Personal judgments were rendered against Lela Diehl Chesney. It is asserted that there was no evidence that F. O. Chesney had any interest in the property, and the assertion will be taken as true because it is not met by the production of such evidence in the counter abstracts. Because F. O. Chesney did not own the property it is argued that no personal judgment could be rendered against the owner, Lela Diehl Chesney, citing *Garrett v. Loftus,* 82 Kan. 556. The case cited deals with statutory authority only, and holds that the statute alone does not warrant anything as against the wife except a lien for the price of material furnished to her husband under his own contract and used by him in improving her property. It is not decided that the wife may not be bound personally by contracts made for her through agents in fact au-

thorized to represent her or by her own contracts, and manifestly such a decision would be unsound. The contracts pleaded in the present case were of the latter kind.

Two of the contractors took personal judgment against F. O. Chesney. It is claimed that such judgments are impossible because he did not own the property improved. Very clearly he could use his own credit to obtain material or the performance of labor for the benefit of his wife's property if he so desired.

The various allegations of agency not having been denied under oath were admitted, and the objection to the sufficiency of the proof being confined, in other respects, to the single matter stated above, it is unavailing. The correction of the record was entirely proper, under repeated decisions of this court. Other matters discussed in the briefs are not of sufficient importance to require a reversal and the judgment of the district court is affirmed.