GREEN CONST. CO. v. CHICAGO, R. I. & P. RY. CO.

No. 753.

Circuit Court of Appeals, Tenth Circuit.
June 21, 1933.

Walter D. Hanson, of Oklahoma City, Okl. (F. A. Rittenhouse and John F. Webster, both of Oklahoma City, Okl., on the brief), for appellant.

John Barry, of Oklahoma City, Okl. (W. R. Bleakmore, W. L. Farmer, and Robert E. Lee, all of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

On October 1, 1929, the Construction Company entered into a contract with the city of Oklahoma City to construct two storm sewers in the vicinity of a trestle maintained by the M. K. & T. Railway Company over an old channel of the Canadian River in such city. In constructing a new line of railroad across the M. K. & T. Company's right-of-way, the Rock Island Company had laid a 48-inch drain tile in the old channel under such trestle and filled up the remaining space with earth.

Between five twenty o'clock in the afternoon of June 14, 1930, and seven o'clock the morning following, 6.96 inches of rain fell in Oklahoma City, and resulting flood waters damaged the sewers being constructed by the Construction Company.

The Construction Company brought this action against the Rock Island Company, alleging that the drain and earthen fill constituted an obstruction in the old channel, a natural water course, and caused the damages.

Green, a witness for the Construction Company, testified that the flood waters accumulated back of the tile drain under the trestle; that the flood waters deposited a

large quantity of sand in the outfalls of the sewers, rendered much of the existing excavation useless, and made it necessary for the Construction Company to do additional and deeper wet excavation, and to drive additional sheet piling; and that the resulting damages to the partially constructed sewers amounted to $17,055.34. Green also stated that he arrived at the amount of such damages by computing daily the cost of the actual additional work done, which would not have been required had the physical conditions continued as they existed before the rainfall. He further testified, as did Banks, a witness for the Rock Island Company, that the rainfall alone would have caused some of the damages.

Barnett, a witness for the Rock Island Company, testified that he had been employed by the Construction Company in the work on such sewers; that flood waters from the river below the trestle backed up into the old channel; that he did not notice any additional wet excavation being done after the flood; and that he observed no damage to the sewers except that resulting from sand deposited in the ditches.

The cause was submitted to the jury and it returned a verdict for $511 in favor of the Construction Company. Whereupon the Construction Company moved for judgment for $17,055.26 on the ground that the only issue was that of liability, and that the amount of damages was not in dispute. The court denied this motion, and rendered judgment for $511 in favor of the Construction Company.

The sole question presented is whether the court should have rendered judgment non obstante veredicto for $17,055.26.

It will be noted that Green, in arriving at the amount of damages, testified that he took into consideration all of the damages that resulted from the water, including that which might have been caused by the rainfall alone and by the water backing up into the old channel from the river below, as well as that resulting from the obstruction.

■ It will be further noted that there was testimony that no additional wet excavation was done, that the only damages sustained resulted from the deposit of sand in the ditches; that the overflow resulted not solely from the incapacity of the tile outlet to carry off the water which accumulated above it, but from the backing up of water from the river below, and that the rainfall alone would have caused some of the damage. Thus it will be

seen that there was a substantial dispute both as to the amount of damages incurred and as to the amount thereof caused by the obstruction, and that there clearly was an issue of fact for the jury.

■■ When a verdict, in an action at law in a United States court, is not supported by substantial evidence or is contrary to the undisputed facts, the trial court may not render judgment non obstante veredicto. The remedy in such a case is a new trial. Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029; Glynn v. Krippner (C. C. A. 8) 60 F. (2d) 406, 409; Midland Sav. & Loan Co. v. Tradesmen's Nat. Bank (C. C. A. 10) 57 F. (2d) 686, 697. It follows that the trial court did not err in denying the motion. Furthermore, if the verdict was erroneous, it was an error of fact and not of law, and this court is powerless to correct such an error by directing the granting of a new trial. Fairmount Glass Works v. Cub Fork Coal Co., 287 U. S. 474, 53 S. Ct. 252, 77 L. Ed. 439.

The judgment is affirmed.