No. 39,917

RAYMOND PHILLIPS, *Appellant,* v. COLONEL DICKEY and ESAU GREENWOOD, *Appellees.*

(290 P. 2d 832)

Opinion filed December 10, 1955.

*George E. Sybrant,* of Arkansas City, argued the cause and was on the briefs for the appellant.

*William R. Howard,* of Arkansas City, argued the cause, and *Wm. E. Cunningham,* of Arkansas City, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This appeal is from an order quashing service of summons.

The action was one to recover for damage to plaintiff's motor vehicle caused by the alleged negligence of defendant Dickey, an employee and agent of defendant Greenwood. The collision in question occurred on June 20, 1952.

Other than to state the petition alleges that plaintiff is a resident of Illinois, and that defendants Dickey and Greenwood are residents of Cowley County and Oklahoma, respectively, the contents of the petition need not be noted.

The action was filed on December 5, 1953, and on the same day, pursuant to the filing of a praecipe therefor, summons was issued for both defendants. It was returned "not found" as to both.

On July 2, 1954, pursuant to an alias praecipe therefor, summons was issued for only defendant Greenwood. It was returned "not found".

On November 12, 1954, pursuant to an alias praecipe therefor, summons was issued for both defendants. It was served on defendant Dickey personally, but as to defendant Greenwood was returned "not found".

On December 4, 1954, pursuant to an alias praecipe therefor, summons was issued for defendant Greenwood. It was returned "not found".

On December 27, 1954, pursuant to the filing of an alias praecipe therefor, summons was again issued for defendant Greenwood, and personal service on him was had on January 3, 1955.

On January 22, 1955, defendant Dickey filed a motion stating that he was appearing specially and for the purpose of the motion only, and moved for an order quashing the service of summons upon him for the reason that plaintiff had not filed a properly written praecipe from which summons was issued under G. S. 1949, 60-2501, and for the further reason "that no valid cause of action exists against this co-defendant herein," and therefore the court was without jurisdiction of either the person of the defendant or the subject matter of the action.

On the same date defendant Greenwood filed a motion stating that he was appearing specially and for the purpose of the motion only, and moved for an order quashing the service of summons

upon him for the reason that plaintiff had not filed a properly written praecipe from which summons was issued under G. S. 1949, 60-2501, and for the further reason "that no valid cause of action exists against this co-defendant herein, in Cowley County, Kansas, and therefore, this defendant, a resident of Kay County, Oklahoma, is not subject to process out of this Court and this Court cannot and does not have jurisdiction of this defendant."

Each of these motions to quash was sustained, but the journal entry covering such ruling does not disclose the ground or grounds upon which it was made.

Plaintiff has appealed from this order.

In this court some contention is made with respect to the first ground of the motions, that is, concerning the praecipes upon which summons was issued. The statute (G. S. 1949, 60-2501) does not prescribe any particular form of praecipe. It merely states that the summons shall be issued by the clerk upon a written praecipe filed by the plaintiff.

From the limited record before us it might be said that at least one of the alias praecipes was somewhat "informal," but certainly not to the extent that the clerk was not justified in issuing summons pursuant thereto. In fact, it has been held that the issuance of summons by the clerk without a praecipe is not an error of which a defendant can complain. (*Goff v. Russell*, 3 Kan. 212. See also *Kennedy v. Beck*, 15 Kan. 555.)

We find nothing wrong with the respective praecipes for summons in this case, and if the motions to quash were sustained because of their form the lower court was in error.

The parties also argue the question whether these motions constituted a general appearance by defendants. Plaintiff contends they did and relies upon what was said in *King v. Ingels*, 121 Kan. 790, 250 Pac. 306. Defendants, on the other hand, contend the substance of their motions did not amount to a general appearance and did not sound in demurrer.

In passing, it is to be noted that neither motion alleges the petition does not allege facts sufficient to constitute a cause of action, as such, for negligence, and neither is that question argued in the briefs.

It is obvious, from the record and the arguments made, that what the parties have in mind is the statute of limitations (G. S. 1949, 60-306, Third), which provides that an action of this nature must be

brought within two years. Here the cause of action accrued on June 20, 1952. The summons served on defendant Dickey was dated November 12, 1954, and the summons served on defendant Greenwood was dated December 27, 1954. Defendants argue that under the provisions of G. S. 1949, 60-308, the action, not being *commenced* as to either of them within two years and sixty days, is therefore barred, and that even considering their motions as demurrers they were therefore properly sustained.

It is true that the statute of limitations may be taken advantage of by demurrer, but this rule is further qualified by the fact that a demurrer based on such ground can only be sustained when such defect appears on the face of the petition. (*Pratt v. Barnard*, 159 Kan. 255, 259, 154 P. 2d 133.) See also G. S. 1949, 60-705, which provides that a demurrer to a petition may be lodged only when the claimed defect or ground appears on the face of that pleading.

Applying the rule to the record before us, it cannot be said the petition discloses on its face that the action is barred by the statute of limitations. That pleading was filed within time, and in construing it as against the demurrer the court was not justified in referring to the dates of the summonses served on defendants. In *American Glycerin Co. v. Freeburne*, 157 Kan. 22, 138 P. 2d 468, it was held:

"Before a demurrer to a petition can be sustained upon the ground the action is barred by the statute of limitations, the facts constituting the bar must appear on the face of the petition and cannot be supplied from the files in the case or other records which disclose the date on which summons was served on the defendants." (Syl. 2)

See also *Lorey v. Cox*, 175 Kan. 66, 259 P. 2d 194.

Under the facts presented, defendants' claimed right to assert the bar of the statute must be pleaded to be available as a defense (*Klotz v. Board of County Commissioners*, 176 Kan. 325, 328, 270 P. 2d 281).

The entire matter really amounts to this:

If the motions in question were in effect demurrers, and therefore amounted to general appearances, there of course was no basis for quashing service of summons. And, considering them as demurrers based on the ground of the statute of limitations, they were, for reasons stated above, erroneously sustained. So, in either event, it follows that the ruling of the trial court must be and is reversed.