**Clay W. BAINBRICH and Edra B. Bainbrich, Appellants,**

**v.**

**HAMMOND IRON WORKS, a Pennsylvania corporation, Appellee.**

**No. 5568.**

United States Court of Appeals
Tenth Circuit.

Oct. 15, 1957.

Robert H. Close, Englewood, Colo. (Geo. F. Harsh, Denver, Colo., was with him on the brief), for appellants.

Byron Hirst, Cheyenne, Wyo. (George W. Hopper, Cheyenne, Wyo., was with him on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiffs brought this action to recover damages for personal injuries, medical expenses and loss of earnings resulting from the negligent operation of a motor vehicle on a public highway near the City of Cheyenne, Wyoming. A jury returned a verdict in favor of the plaintiffs for the sum of $5,665. The plaintiffs moved for a new trial on the ground that the damages awarded were grossly inadequate. The court overruled the motion. This is an appeal from the judgment entered on the verdict.

It has been generally held in Federal Courts that the action of the trial court in granting or denying a motion for a new trial in tort actions upon the ground that the damages awarded by the jury are excessive or inadequate, is within the discretion of the trial court and not reviewable. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 254, 77 L.Ed. 439.[1] Although it has never done so, the Supreme Court appears to have left the way clear for appellate action if the trial court refuses to grant relief from a verdict which is considered to be monstrous and shocking to the conscience. Neese v. So. Ry. Co., 350 U.S. 77, 76 S.Ct. 131, 100 L.Ed. 60; Affolder v. N. Y. C. & St. L. R. Co., 339 U.S. 96, 70 S.Ct. 509, 94 L.Ed. 683; cf. Butler v. General Motors Corp., 2 Cir., 240 F.2d 92.

The rule is well settled in this circuit that in such cases the province of the court of appeals is limited to determining whether the trial court abused its discretion in denying the motion and, as we said in Chicago, Rock Island & Pac. Ry. Co. v. Kifer, 10 Cir., 216 F.2d 753, 757, certiorari denied 348 U.S. 917, 75 S. Ct. 299, 99 L.Ed. 719, "Ordinarily, it will not be held that the trial court abused its discretion in denying a motion for a new trial on the ground that the verdict was excessive, unless it affirmatively appears that it resulted from bias, prejudice, or passion." E. L. Farmer & Co. v. Hooks, 10 Cir., 239 F.2d 547, certiorari denied 353 U.S. 911, 77 S.Ct. 669, 1 L. Ed.2d 665, is to the same effect. See also Smith v. Welch, 10 Cir., 189 F.2d 832; Snowden v. Matthews, 10 Cir., 160 F.2d 130; Chambers v. Skelly Oil Co., 10 Cir., 87 F.2d 853. The record here

---

1. In the Fairmount Glass Works case the court said:

"*First.* The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions; and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or were inadequate. The rule precludes likewise a review of such action by a Circuit Court of Appeals. Its early formulation by this Court was influenced by the mandate of the Judiciary Act of 1789, which pro-vided in section 22 that there should be 'no reversal in either (circuit or Supreme) court on such writ of error * * for any error in fact.' Sometimes the rule has been rested on that part of the Seventh Amendment which provides that 'no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law.' More frequently the reason given for the denial of review is that the granting or refusing of a motion for a new trial is a matter within the discretion of the trial court." (Footnotes omitted.)

discloses that the case was tried in a fair and dispassionate manner, and there is no indication whatsoever that the jury was influenced by passion, prejudice or by any other unlawful cause. It is said that the undisputed evidence as to the extent of the injuries to the plaintiffs, permanent and otherwise, was such as to indicate that the verdict was palpably and grossly inadequate. This question, we think, was one of fact, to be determined by the trial court within its discretion, and is not reviewable here. Fairmount Glass Works v. Cub Fork Coal Co., supra; United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; Chicago, Rock Island & Pac. Ry. Co. v. Kifer, supra; Chambers v. Skelly Oil Co., supra; Green Const. Co. v. Chicago, R. I. & P. Ry. Co., 10 Cir., 65 F.2d 852.

Furthermore, if it be assumed that we have the power to review the denial of the motion for a new trial, an examination of the record shows that the action of the trial court was supported by the evidence and should not be disturbed on appeal.

The plaintiffs, husband and wife, were professional dancing instructors and musicians. The hip of the husband was quite seriously injured and the doctors agreed that the injury was permanent and in all probability would, to some extent, limit his future activities. One of plaintiffs' doctors testified that he thought that this plaintiff would get along very satisfactorily in the future as to the "average run of things"; that on the music end of his work he should do very well, but would be restricted in some of his dancing activities. The music and dancing schools of the plaintiffs continued without serious interruption and there was evidence that the earnings of the plaintiffs during the year of the accident could have exceeded the earnings of the two preceding years. The jury, in considering the evidence and observing the husband, could well have con-

cluded that the injuries were not as damaging as was contended. It did not appear that the wife's injuries were serious or permanent. The trial judge was present throughout the trial and was in a position to determine if there were any conditions which might wrongfully influence the jury.[2] Clearly the court did not abuse its discretion in refusing to grant a new trial on the ground that the verdict was inadequate. Neese v. So. Ry. Co., 350 U.S. 77, 76 S.Ct. 131, 100 L.Ed. 60.

Affirmed.

---

2. In Fairmount Glass Works v. Coal Co., supra, 287 U.S. at page 485, 53 S.Ct. at page 255, it was pointed out that "Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising a jury's conduct."