W. D. ZIEGLER and John F. Ziegler, Jr., individually and as co-partners doing business as The Plainfield Cab Company; Subscribers at Exchange Insurance Association; Attorney In Fact, Exchange Management Company and Exchange Casualty and Surety Company, a corporation, Appellants,

v.

Clyde AKIN, Appellee.

No. 5824.

United States Court of Appeals Tenth Circuit.

Nov. 15, 1958.

A. J. Herrod, Kansas City, Kan., for appellants.

James D. Howell, Kansas City, Kan. (Homer A. Cope, Kansas City, Mo., on the brief), for appellee.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff brought this action against the owners of a taxicab company operating in Kansas City, Kansas, and others, to recover damages for personal injuries received while riding in defend-

ant's taxicab as a paying passenger. In January, 1957, after the case had been set for trial, the court granted a continuance and permitted the defendant insurance company to be brought into the case through an amended complaint. Judgment in favor of the plaintiff was entered on a jury verdict, and the taxicab company and insurance company appeal.

The amended complaint alleged that the plaintiff was injured because of the negligence of the driver of the taxicab while it was being operated under a certificate issued by the Kansas State Corporation Commission,[1] and that the defendant insurance company had filed a liability insurance policy with the Commission in compliance with the provisions of the Kansas statute relating to carriers.[2] Prior to answer, the insurance company filed a motion for a summary judgment upon the grounds that the "insurance does not cover (1) passengers in the taxicab, and (2) that the statutes of Kansas do not require insurance coverage of passengers". Another ground urged in the motion was that there was no proper service of summons as to the defendant insurance company. The motion was denied and the insurance company answered, admitting that the taxicab, at the time the plaintiff received her injuries, was being operated under the authority as alleged in the complaint, but denying negligence on the part of the driver. The only issues submitted to the jury were those of the negligence of the driver and the driver of another automobile involved in the collision, and the amount of damages. The principal questions arise from the denial of the motion for summary judgment and a motion for a new trial.

Defendants first complain that the court erred in granting the continuance of the trial and permitting the insurance company to be named as a party defendant by amended complaint. Continuances and the allowance of amendments to pleadings are within the sound discretion of the trial court, and should be freely granted as justice requires. Rule 15(a), Fed.Rules Civ.Proc., 28 U.S.C.A.; 3 Moore's Federal Practice, (2d Ed.) § 15.08; Whelan v. New Mexico Western Oil & Gas Co., 10 Cir., 226 F.2d 156; Chicago Pneumatic Tool Co. v. Hughes Tool Co., 10 Cir., 192 F.2d 620; Smith Contracting Corp. v. Trojan Const. Co., 10 Cir., 192 F.2d 234; Gillette Motor Transport, Inc., v. Northern Oklahoma Butane Co., 10 Cir., 179 F.2d 711. See also Baltimore American Ins. Co. of New York v. Pecos Mercantile Co., 10 Cir., 122 F.2d 143. No abuse of discretion has been shown.

There is no merit in the contention that the policy does not cover passengers injured in the insured's vehicles and that, therefore, the motion for summary judgment should have been granted. The insurer, by the terms of its policy, agreed "to pay on behalf of the insured any sums which the insured shall become legally obligated to pay as damages because of bodily injury * * sustained by any person, and arising out of the ownership, maintenance and use of the automobile". This is a general provision, usually found in public lia-

---

1. A copy of the certificate was attached to the complaint. It granted to the holders thereof authority to operate a general taxicab business in and about the vicinity of Kansas City, Kansas, wholly within the State of Kansas.

2. § 66–1,128, Kan.Gen.Stat., provides: "No certificate or license shall be issued by the state corporation commission to any 'public motor carrier of property,' 'public motor carrier of passengers,' 'contract motor carriers of property or passengers' or 'private motor carrier of property,' until and after such applicant shall have filed with, and the same shall have been approved by, the state corporation commission, a liability insurance policy * * * in such reasonable sum as the commission may deem necessary to adequately protect the interests of the public with due regard to the number of persons and amount of property involved * * * which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss or damage to property resulting from the negligent operation of such carrier * * *."

bility policies. The language is unambiguous and clearly covers passengers if they are injured as a result of the use of the vehicle described in the policy. Since we conclude that the policy does cover the injuries of this plaintiff, there is no need to determine whether the Kansas statute required such coverage. Clearly the statute does not prohibit a common carrier from purchasing a policy to afford insurance protection in the event passengers are injured while riding in its vehicles. Rule 56, Fed.Rules Civ.Proc. contemplates that motions for summary judgment shall be granted only in cases where the pleadings and supporting material show that there is no genuine issue of fact, and that the moving party is entitled to a judgment as a matter of law. Whelan v. New Mexico Western Oil & Gas Co., supra; Brodrick v. Gore, 10 Cir., 224 F.2d 892; S. M. S. Manufacturing Co., Inc., v. United States-Mengel Plywoods, Inc., 10 Cir., 219 F.2d 606; Schreffler v. Bowles, 10 Cir., 153 F.2d 1, certiorari denied 328 U.S. 870, 66 S.Ct. 1366, 90 L.Ed. 1640. The provisions of the policy are not such as to entitle the insurance company to a judgment as a matter of law.

█ The Kansas courts have held that an insurance company, furnishing a statutory liability policy to licensed motor carriers, is subject to direct action for damages covered by the policy. Flowers v. Fidelity & Casualty Co. of N. Y., 10 Cir., 156 F.2d 586; Fitzgerald v. Thompson, 167 Kan. 87, 204 P.2d 756; Dunn v. Jones, 143 Kan. 218, 53 P.2d 918. If the Kansas statute does not require insurance protection for passengers of carriers, the insurance company may not have been a proper party to the action. The remedy available to improper parties is a motion to be dropped from the case, as provided for by Rule 21, Fed. Rules Civ.Proc.; 3 Moore's Federal Practice, (2d Ed.) § 21.03; 6 Moore's Federal Practice, (2d Ed.) § 56.03. Misjoinder is waived by failure to make seasonable objection. Hook v. Hook & Ackerman, Inc., 3 Cir., 187 F.2d 52; Capital Fire Ins. Co. of California v. Langhorne, 8 Cir., 146 F.2d 237. The insurance company did not ask to be dismissed out of the case for misjoinder, but unsuccessfully sought a final determination by summary proceedings that there was no liability under the policy. It cannot now complain.

Moreover, the cases cited by appellant do not sustain the contention that the Kansas statute does not require insurance protection for intrastate passengers. To avoid a constitutional conflict, these decisions hold only that the statute requiring liability insurance was not intended to cover interstate passengers or cargo carried by interstate carriers. See Continental Baking Co. v. Woodring, 286 U.S. 352, 52 S.Ct. 595, 76 L.Ed. 1155; Continental Casualty Co. v. Shankel, 10 Cir., 88 F.2d 819; Louis v. Boynton, D.C. Kan., 53 F.2d 471; Herndon v. Daniels, 141 Kan. 893, 44 P.2d 207. The appellants assume that the plaintiff was an interstate passenger because of her testimony that when she called the taxi, her destination was the Skelly Oil Company Building in Kansas City, Missouri. When the motion for summary judgment was overruled, the court had before it only the amended complaint, and it contained no allegation that the plaintiff was an interstate passenger or that the taxicab was engaged in interstate commerce. The defendants did not raise the question in their answers and there was no evidence to establish that the taxicab driver intended to go beyond the limits described in the certificate. The case was not tried upon a theory that interstate commerce was involved, and that issue of fact was not submitted to the jury.

█ As a further ground in support of the motion for summary judgment, the insurance company urged that it was served with a defective summons. Insufficiency of process is a matter in abatement and is therefore not a proper basis for the granting of a summary judgment which applies to the merits of a claim and results in a bar to further action when granted in favor of claimant. 6 Moore's Federal Practice, (2d

Ed.) § 56.03; Heyward v. Public Housing Administration, 5 Cir., 238 F.2d 689.

The defendant, however, urges that the underlying basis for the motion was that plaintiff's claim against it was barred by the applicable Kansas statute of limitation. Under Kansas law, an action is not deemed to be commenced within the period of limitations until the defendant is served with process, and defendant contends that it was not served within the period. A short answer to this argument is that while a motion to dismiss, or in some instances summary proceedings, can be used to raise the defense when it appears in the complaint that the statute has run,[3] the record does not disclose that the question was presented to the trial court. The defense of the statute of limitations cannot be raised for the first time on appeal. 34 Am.Jur., Limitation of Actions, § 423; Van Sant v. American Express Co., 3 Cir., 169 F.2d 355. But considering the question on the merits, the Kansas two-year statute of limitation is not a bar to plaintiff's action. Kan.Gen.Stat., 1949, § 60–306.

The accident occurred on January 25, 1955; the amended complaint was filed and summons issued on January 22, 1957. The summons was received by the Kansas Commissioner of Insurance on January 23, 1957, and, for some unexplained reason, again on January 26th, and forwarded to the defendant insurance company on January 28th. The summons and its service was not questioned at that time and admittedly the insurance company entered its general appearance on February 14, 1957. In Merchants Transfer & Warehouse Co. v. Ragan, 10 Cir., 170 F.2d 987, 992, affirmed 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, we said:

"An analysis of the Kansas decisions leaves no doubt that an action such as this is barred unless commenced by the filing of an action and the issuance of summons and service thereof on the defendant, all within the two-year period, or the issuance and service of an alias summons upon the defendant within sixty days of the expiration of the two-year period where no service was obtained on the original summons."

The additional 60 days for service is provided for in the Kansas statute (Kan. Gen.Stat., 1949, § 60–308). Whatever defects may have been in the summons and its service, they were cured by the general appearance, which was well within the two year and 60 day period, and amounted to personal service as of that date. 6 C.J.S. Appearances § 14; United States v. French, 8 Cir., 95 F.2d 922, certiorari denied 305 U.S. 620, 59 S.Ct. 80, 83 L.Ed. 396; Sutherin v. Chesney, 85 Kan. 122, 116 P. 254.

The defendants also assign as error the refusal of the court to grant a continuance to afford additional time for the appearance of a witness who had been subpoenaed but did not appear. Defendants produced a written statement of the witness and the parties agreed that the statement could be read as the testimony of the witness. There is no showing that had the witness been present, there would have been any material difference between her oral testimony and the facts contained in the statement. Defendants are not now in position to complain.

It is also urged that the court erred in denying a motion for a new trial on the ground that the verdict was contrary to the evidence, and excessive. It would not be helpful to discuss the evidence in detail. Plaintiff's testimony was to the effect that the driver of the taxicab, without any warning, brought the vehicle to a sudden, violent and abrupt stop, causing plaintiff to be thrown forward and upward, and thus

3. Rohner v. Union Pacific R. Co., 10 Cir., 225 F.2d 272, 61 A.L.R.2d 337; Suckow Borax Mines Consolidated, Inc., v. Borax Consolidated, Ltd., 9 Cir., 185 F.2d 196, certiorari denied 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680; Phillips v. Dickey, 178 Kan. 658, 290 P.2d 832.

causing injuries about her head, back, and other parts of her body. Doctors described the injuries as to the vertebrae and other parts of her body, and were of the opinion that these may well be permanent. Viewing the evidence most favorably to the plaintiff, we cannot say that it does not support the verdict. The general rule in Federal Courts is that the action of a trial court in granting or denying a motion for a new trial in tort actions upon the ground that the damages awarded are excessive or inadequate, is within the sound discretion of the court and reviewable only when it affirmatively appears that the amount of the verdict was the result of bias, prejudice or passion. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439; Franklin v. Shelton, 10 Cir., 250 F.2d 92, 99, certiorari denied 355 U.S. 959, 78 S.Ct. 544, 2 L.Ed.2d 533; Bainbrich v. Hammond Iron Works, 10 Cir., 249 F.2d 348; Chicago, Rock Island & Pacific Ry. Co. v. Kifer, 10 Cir., 216 F.2d 753, certiorari denied 348 U.S. 917, 75 S.Ct. 299, 99 L.Ed. 719; Smith v. Welch, 10 Cir., 189 F.2d 832. There is no indication in the record that the jury was influenced by bias, prejudice or passion, or that the $11,500 verdict should be considered monstrous and shocking to the conscience.

Another assignment of error is that the court refused to give certain requested instructions to the jury. The defendants accepted the court's instructions and did not object to the failure to give the requested instructions, as required by Rule 51, Fed.Rules Civ.Proc. In the absence of such objection, the refusal will not be reviewed on appeal. Franklin v. Shelton, supra; Justheim Petroleum Co. v. Hammond, 10 Cir., 227 F.2d 629; Thiringer v. Barlow, 10 Cir., 205 F.2d 476.

The remaining assignments of error relate to misconduct of plaintiff's attorney in his argument to the jury and the failure of the court to submit to the jury certain special interrogatories. These matters are generally within the discretion of the trial court, and we find no abuse of that discretion. Franklin v. Shelton, supra; Smith v. Welch, supra.

Affirmed.