Frank M. ROBERTS, etc., Plaintiff,

v.

HUSKY INDUSTRIES, INC., Defendant.

Civ. A. No. 3008.

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 26, 1973.

Charles R. Terry, Morristown, Tenn., Edward M. Swartz, Boston, Mass., for plaintiff.

N. R. Coleman, Jr., and S. J. Milligan, Greeneville, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity action, 28 U.S.C. §§ 1332(a)(1), (c), for damages for the respective wrongful deaths of four persons. The plaintiff Mr. Roberts commenced the action as " * * * personal representative *of* the next of kin of * * *" (emphasis supplied) the decedents.

The defendant moved to dismiss the action for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, or in the alternative, for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, on the ground that the plaintiff Mr. Roberts is not the personal representative of the estate of any such decedent and lacks capacity to sue.

The plaintiff then amended his complaint before a responsive pleading [1] was filed, Rule 15(a), Federal Rules of Civil Procedure, so as, *inter alia*, to substitute Mrs. J.

---

1. The motion to dismiss was not a responsive pleading. *Nolen v. Fitzharris*, C.A. 9th (1971),

450 F.2d 958[1]. A defect in parties should not be argued indirectly through a motion for a

**480**

D. Johnson, Dewey Roberts and Mrs. Dewey Roberts, allegedly next of kin of the aforementioned decedents, as plaintiffs herein in lieu of Mr. Frank M. Roberts. Notice of the dropping of the latter and the addition of the aforenamed new plaintiffs was given the defendant in the motion of the original plaintiff of April 19, 1973.

The defendant excepted to such amendment to the complaint, claiming that the amendment permits the substituted plaintiffs to institute and maintain against the defendant four separate causes of action " * * * without complying with the established procedures for the institution of actions in this Court. * * * " There is no merit to this contention.

Parties " * * * asserting a claim to relief as an original claim * * * may join, either as independent or as alternate claims, as many claims * * * as [they have] against an opposing party." Rule 18(a), Federal Rules of Civil Procedure. " * * * Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims * * * is strongly encouraged. * * * " *United Mine Workers v. Gibbs* (1966), 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 227.

Service of process is not required upon the defendant after the dropping of one party and the addition of others as voluntary plaintiffs. It is only required that the motion be made in the usual manner and with notice to the other party. 7 Wright & Miller, Federal Practice and Procedure (Civil) 339, § 1688.[2]

The exceptions of April 24, 1973 of the defendant accordingly hereby are

OVERRULED.

---

summary judgment. *Ziegler v. Akin,* C.A. 10th (1958), 261 F.2d 88, 91[5].

**2.** " * * * If a motion to add a party is granted * * *, service of process must be made in the usual way, *unless the new party appears voluntarily* * * * ." 3A Moore's Federal Practice, § 21.05[1]. (Emphasis supplied.)