## UNITED STATES v. WOLTMAN.
### No. 5304.

Court of Appeals of the District of Columbia.
Argued Feb. 2, 1932.
Decided Feb. 29, 1932.

Leo A. Rover, John W. Fihelly, Annabel Hinderliter, and L. A. Lawlor, all of Washington, D. C., for the United States.

Robert H. McNeill and Warren E. Miller, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

Appellee was a soldier in the World War. He brought his action below on a war-risk insurance policy. The case was tried to a jury, who returned a verdict for the insured (appellee), and judgment was entered thereon.

■■ The principal question raised on the appeal is whether there was sufficient evidence of total and permanent disability on the part of insured on or before July 16, 1919, the time of his discharge from military service, to take the case to the jury, and, if there was, whether it continued to the institution of the suit. The trial court overruled defendant's motion for a directed verdict, and this, we think, was right.

The evidence shows that insured was sent to France in the summer of 1918, and shortly thereafter began to suffer intense pain from adhesions following an appendix operation. From then on to the period of his discharge he spent the greater part of his time, from this cause or from other illnesses, in hospitals. At various periods during this time he suffered with pains in his chest, coughing spells, and ran a temperature. On his return from France, and while he was in camp at Newport News, a throat condition developed, got worse, and, some six or eight months later, resulted in an operation for goiter. From the time of his discharge, up to the time suit was begun, he did little or no work, and spent a large portion of his time in veterans' hospitals suffering from heart trouble, nervousness, coughing, and pains in his chest. Physicians who examined him about the time of trial found evidences of a former state of tuberculosis, which at the time of examination was believed to be inactive, and also an enlargement and displacement of the heart, which existed at the time of his discharge. Some of the physicians testified that his physical condition was such that he could not follow a regular, gainful occupation. There was other lay evidence to the same effect.

We have examined the evidence carefully, and we think it was amply sufficient to take the case to the jury, and we also think that, viewed most favorably to the insured, as we must view it on this appeal, the verdict of the jury was entirely warranted. We think there is no reasonable doubt that insured at the time of his discharge from the Army was suffering with a serious heart condition, and we likewise think that the claim that he was also suffering from tuberculosis, though not so definitely proved, is still consistent with the evidence. For the intervening 10 years insured did little work of any kind, and the evidence supports his statement that he was unable to. In the opinion of the physicians for the United States, the tubercular condition was arrested as of the time of suit, but the enlargement and displacement of the heart admittedly existed, and that, together with insured's general debility, created an incapacity to do any work within the meaning of the term "total and permanent disability." We pass, therefore, to the two other assignments of error.

■■ The first of these is the exception to the overruling of defendant's objection to a certain hypothetical question submitted to Dr. Gardner, insured's principal professional witness. The objection is that the question did not include all the facts proved and not enough to warrant an intelligent expert opinion, and also that the question called for an answer based in part on the personal knowledge of the witness acquired as the result of an examination of insured. We think the evidence might have been more fully stated in the question, but what was omitted by the examiner was supplied by the doctor himself, as is shown by his own testimony, and the objection that the physician could not base his answer in part upon his personal examination of the witness we have decided a number of times is not a correct view of the law. Gunning v. Cooley, 58 App. D. C. 304, 30 F. (2d) 467. We therefore find no merit in the point.

■ The other assignments relate to the evidence of certain nonprofessional witnesses who were permitted to express an opinion as to the ability of insured to follow a gainful occupation. The evidence shows the witnesses were in a particularly favorable position to observe insured and got their knowledge of his inability to work from conditions which

were visible to an ordinarily intelligent observer and which were not of that character requiring professional diagnosis. It is always proper to permit a nonprofessional witness, who has had opportunity to observe a sick or injured person, to express an opinion with respect to whether such a person is helpless or unable to work. The value of the opinion depends, of course, upon the intelligence of the witness and his opportunity to know of the condition as to which he testifies and the ordinary effect of such a condition. In this case the groundwork was sufficiently laid, and we think the evidence was properly received.

On the entire case, we are of opinion that the judgment below was in all respects correct, and should be affirmed.

Affirmed.