## THIRINGER v. BARLOW et al.
### No. 4601.

United States Court of Appeals
Tenth Circuit.
June 22, 1953.

George F. Guy, Cheyenne, Wyo. (Guy & Phelan, Walter B. Phelan, Cheyenne, Wyo., George F. Harsh, Denver, Colo., were with him on the brief), for appellant.

Edward T. Lazear, Cheyenne, Wyo. (Loomis, Lazear & Wilson, Cheyenne, Wyo., were with him on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

William Barlow and Stella Barlow, husband and wife, instituted this action against Elmer Thiringer, doing business as Wray Oil Company, to recover damages arising out of a traffic accident which occurred in Wyoming. Primary negligence on the part of the defendant was denied; contributory negligence on the part of plaintiffs was pleaded; and by cross complaint, damages for injury to defendant's motor vehicle were sought. The jury returned a verdict for plaintiffs on their cause of action and

on the cross complaint; judgment was entered accordingly; and defendant appealed.

■ The denial of defendant's motion for a directed verdict, the verdict of the jury and the judgment of the court are challenged on the ground that the evidence, considered as a whole, failed to establish negligence of the defendant and affirmatively disclosed primary or contributory negligence on the part of plaintiffs. These contentions are sufficiently related that they may be considered together. U. S. Highways 85 and 87, hereinafter referred to as 85 and 87, respectively, run generally northward and southward through Colorado, enter Wyoming, and extend thence to Cheyenne, Wyoming. As they traverse northern Colorado, 85 is east of 87 and passes through Greeley, while 87 is west of 85 and passes through Fort Collins. After entering Wyoming, the two highways conjoin or merge into a single artery of travel. At the point of intersection, 85 extends generally northward and southward, while 87 extends somewhat northeasterly and southwesterly; and thus instead of the two intersecting at right angles, they join at what may be termed a medium angle. At the junction, 85 is a through highway while traffic coming into the junction on 87 from the south is required to stop before entering the merged highway; and a stop sign is located on 87 at a point about two hundred feet south of the intersection. Occupying a small Austin automobile, plaintiffs were going northward from Fort Collins toward Cheyenne on 87. Defendant's truck and tank unit equipped for the transportation of gasoline was coming southward from Cheyenne on 85–87, bound for Greeley and thence to Wray, Colorado. The two vehicles collided at the point of intersection of the two highways; plaintiffs suffered personal injuries; plaintiff's automobile was damaged; and defendant's truck and tank unit sustained damages. Plaintiffs adduced evidence which tended to show that as they approached the intersection, they stopped just after passing the stop sign on 87; that plaintiff William Barlow was driving; that he asked his wife if everything was clear; that she looked at 85 and said it was; that he saw the truck approaching the intersection; that the truck was on its right side of 85–87; that it kept to the right and even pulled onto the gravel shoulder or outer part of the highway; that the position of the truck indicated that it was going to take 87 leading to Fort Collins; that under such circumstances, plaintiffs went ahead on their right side of 87; that as the two vehicles approached each other in such respective positions, the truck turned to the left as though it was going to take 85 to Greeley; that it turned sharply to the left; that it cut back to the right; that it jack-knifed; and that while it was doing that the collision occurred, the automobile running into the truck. Defendant introduced evidence which tended to show that at all times the truck was on its right side of the highway, and that plaintiffs drove the automobile across the center of the highway and into the truck. Fairly construed, the evidence in its totality presented an issue of fact in respect to negligence as the proximate cause of the accident. Therefore, the motion for a directed verdict was providently denied, the verdict of the jury is supported by substantial evidence, and the judgment of the court is not vulnerable to attack for want of solid footing in the evidence.

■ Complaint is made that the court refused to give to the jury certain requested instructions. The court instructed the jury with commendable clarity and correctness upon the material issues in the case. No exceptions were taken to the instructions. And this court has held without deviation that it is not prejudicial error to refuse to give a requested instruction, even though it be an accurate statement of law, if the issues have been fairly and correctly covered in the general instructions given. Hancey v. United States, 10 Cir., 108 F.2d 835; Brigham Young University v. Lillywhite, 10 Cir., 118 F.2d 836, 137 A.L.R. 598, certiorari denied, 314 U.S. 638, 62 S.Ct. 73, 86 L.Ed. 512; Telluride Power Co. v. Williams, 10 Cir., 164 F.2d 685; Derounian v. Stokes, 10 Cir., 168 F.2d 305; Missouri, Kansas & Texas Railway Co. v. Jackson, 10 Cir., 174 F.2d 297.

478

■ Error is assigned upon the denial of the motion for new trial. A motion for new trial is addressed to the sound judicial discretion of the trial court and the action taken thereon is not open to review on appeal unless it appears that there was an abuse of such discretion. Metropolitan Life Insurance Co. v. Banion, 10 Cir., 106 F.2d 561, certiorari dismissed, 309 U.S. 691, 60 S.Ct. 468, 84 L.Ed. 1033; Viles v. Prudential Insurance Company of America, 10 Cir., 107 F.2d 696, certiorari denied, 308 U. S. 626, 60 S.Ct. 387, 84 L.Ed. 523; Dyess v. W. W. Clyde & Co., 10 Cir., 132 F.2d 972; Kansas City Public Service Co. v. Shephard, 10 Cir., 184 F.2d 945; United States v. Regents of New Mexico School of Mines, 10 Cir., 185 F.2d 389. There was no abuse of discretion in the denial of the motion in this case.

The judgment is affirmed.