**Minnie FRANKLIN, Appellant,**

v.

**J. D. SHELTON and wife, Venera Shelton, suing herein in their own behalf; and Pamela Shelton, Larry Shelton, Anita Shelton, and Robert Shelton, minors, suing herein by and through J. D. Shelton, as their next friend, Appellees.**

No. 5579.

United States Court of Appeals Tenth Circuit.

Nov. 7, 1957.

Rehearing Denied Dec. 16, 1957.

Writ of Certiorari Denied March 3, 1958.

See 78 S.Ct. 544.

John B. Ogden and Josh Lee, Oklahoma City, Okl. (R. A. Howard, Ardmore, Okl., on the brief), for appellant.

R. M. Mountcastle, Muskogee, Okl., and Howard S. Smith, Sulphur Springs, Tex., for appellees.

Before BRATTON, Chief Judge, and HUXMAN and BREITENSTEIN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from a judgment based on a verdict awarding substantial damages to the plaintiffs, J. D. and Venera Shelton, and to their minor children, Pamela, Larry, Anita and Robert Shelton, through their next friend, J. D. Shelton, for injuries suffered by them as the result of an automobile accident on Highway 77 south of Ardmore, Oklahoma.

At the time of the accident, the Shelton car was going north and the Franklin car was going south. In order to reach a business establishment located east of the highway, the Franklin car turned left at a place other than a road intersection, crossing the east side of the highway in the path of the Shelton car. The Shelton car crashed into the side of the Franklin car resulting in personal injuries to all parties and inflicting damages to both vehicles. Suit was brought by the plaintiffs for personal and property damages alleging the negligence of defendant as the sole proximate cause of the accident. The defendant answered denying the allegations of negligence and filed a cross-complaint seeking personal and property damages resulting from the alleged negligence of plaintiffs, J. D. and Venera Shelton.

Trial was had to a jury which found that the negligence of defendant was the sole proximate cause of the accident and assessed damages thus: J. D. Shelton, $53,181; Venera Shelton, $6,125; Larry Shelton, $20,375; Robert Shelton, $2,750; Pamela Shelton, $400; and Anita Shelton, $400. Judgment was entered upon the verdict and defendant appealed.

█ █ Error is predicated upon the action of the Court in denying a motion to strike parties plaintiff because of misjoinder; that the questions of law and fact were not common to all of the plaintiffs; and that it was prejudicial to the rights of the defendant to permit all of the parties to proceed in the same action. The essence of the motion was that the defense of contributory negligence applied as to the driver, J. D. Shelton, and his wife, Venera Shelton, but did not apply as to the minor children. Rule 20 (a), Federal Rules of Civil Procedure, 28 U.S.C.A., in parts provides, "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Clearly the question of negligence on the part of the defendant in the operation of her automobile as the proximate cause of the accident and the resulting injuries to all of the plaintiffs was a question of fact, common to all of the plaintiffs. Therefore, they were authorized by the rule to join in a single action for the recovery of damages. Trial courts have a wide discretion as to joinder of parties and to consolidation of cases for trial.[1] The trial Court did not abuse its discretion in conducting a single trial for the adjudication of the rights of all of the parties.

█ In a motion for a more definite statement, the defendant sought to require the plaintiffs to further itemize their medical expenses. Rule 12(e), Federal Rules of Civil Procedure, provides, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement * * *." Without elaborating, it can be stated that plaintiffs' complaint alleged negligence and the damages sustained by the alleged negligence sufficiently to allow defendant to file a responsive answer. Under such circumstances, any further particulars

1. Gillette Motor Transport, Inc., v. Northern Oklahoma Butane Co., 10 Cir., 179 F.2d 711; Rankin v. Shayne Bros., Inc., 1956, 98 U.S.App.D.C. 214, 234 F.2d 35.

which defendant might have needed in order to prepare for trial should have been obtained by the discovery procedures. It was not an abuse of discretion to deny defendant's motion.

■ Complaint is made that the Court erroneously struck from defendant's answer the allegations contained therein with reference to the joint ownership of the automobile in which plaintiffs were riding. The pleadings indicated that plaintiffs were residents of Texas and the contention is that under the community property laws of Texas it is presumed that J. D. and Venera Shelton were joint owners of the automobile in which they were riding at the time of the accident, that the money used by them on the trip was community money jointly acquired and that the trip was a joint mission of pleasure for themselves and their family. The intended purpose of the allegation was to invoke the law of Texas as the basis for imputing to plaintiff, Venera Shelton, negligence on the part of her husband in the operation of plaintiffs' automobile. But since the accident and the resulting injuries occurred in Oklahoma, the question of imputed negligence was to be determined by the law of that state.[2] Under the law of Oklahoma, the fact that plaintiffs, J. D. Shelton and Venera Shelton, were husband and wife and the fact that they were on a mission for the mutual benefit of both is not sufficient by itself to impute to her negligence on the part of her husband in the operation of the motor vehicle in which she was riding and he was driving.[3]

■ So also must fall appellant's argument that Venera Shelton was negligent, as the co-owner of the automobile, in failing to exercise her duty to prevent her husband from operating the auto in a dangerous, reckless manner in violation of the law.[4] There was no showing that J. D. Shelton engaged in illegal or reckless acts which would call forth the duty on the part of Venera Shelton to control her husband's driving. In any event the matter was put to rest by the jury's finding that the sole proximate cause of the accident was defendant's negligence.

■ It is further contended that the Court erred in striking from defendant's answer the allegations therein with respect to the common custom and usage of the highway at the point where the accident occurred, and rejecting evidence relating to that matter. In her answer defendant pleaded at length that there was a business and residential section along the highway in the vicinity of the point at which the accident occurred; that it had become the common practice, usage and custom to use the area as a business section and that automobiles were continuously driven across the highway in the area. It is the law in Oklahoma that the statutes of the State relating to the use of public highways are controlling over customs and usages which are repugnant to the statutory regulations.[5]

The instructions of the trial Court adequately advised the jury as to the applicable Oklahoma statutes, irregardless of what custom and usage existed. The statutes of Oklahoma as regards the operation of a motor vehicle as given by the Court in its instructions would be determinative of the standard of duty imposed upon the defendant. The instructions also covered the duty of plaintiff to operate his vehicle in accordance with the existing conditions of the highway at the point of the accident and the immediate surroundings. The Court did not err in this respect.

Appellants contend that the trial Court erred in admitting certain testimony of Venera Shelton as related to physical injuries and suffering of herself and others of the Shelton family. It is argued that Mrs. Shelton was allowed to

2. W. W. Clyde and Company v. Dyess, 10 Cir., 1942, 126 F.2d 719.

3. Hasty v. Pittsburg County Railway Co., 112 Okl. 144, 240 P. 1056.

4. See Fixico v. Ellis, 173 Okl. 5, 46 P.2d 519.

5. Smith v. Cox, Okl., 301 P.2d 649.

give medical testimony which should have come from a medical expert. In part she testified that her husband was a barber; that some time prior to the accident he had a tooth extracted from which some difficulty stemmed requiring a doctor's attention, and that he had been able to resume work after the difficulty cleared up. She also testified that her husband had done little work since the accident. She further testified as to the scars, bumps and obvious physical impairments suffered by her children from the accident; that her two daughters and youngest son had been nervous and that her oldest son had been slow in school and unobservant since that time; that Anita Shelton had had two upper front teeth knocked out and her nose crushed in the accident and that as a result of her crushed nose she now had difficulty breathing; that when first placed in a car after the accident she screamed and did not want the family to drive, and that at night she had nightmares and screamed; that Robert Shelton, among other injuries, had two ribs broken and a punctured lung, that tubes were placed to make the lungs expand, and that he had a scar on his back where the tubes were placed. Concerning herself, Mrs. Shelton testified that at the time of the accident she was knocked unconscious; that she had suffered certain obvious physical injuries which were still painful and bothersome; that the sight in her left eye was destroyed; that before the accident her eyes focused properly, and that since the accident her left eye had started crossing and losing its power to focus; that prior to the accident her menstrual periods were normal and that since the accident her menstrual periods had been irregular and abnormal and that presently she was going through the menopause.

It is uniformly held that where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts, but, that a lay witness is competent to testify concerning those physical injuries and conditions which are susceptible to observation by an ordinary person.[6] On examination of all of Venera Shelton's testimony, it appears that in only one instance did she testify to injuries, conditions and events which a lay person would not be capable of observing, or to facts not within her own knowledge. In that instance she testified that her youngest son had suffered two broken ribs and a punctured lung. To this she was not competent to testify, but testimony to this effect had already been given by a medical witness. Her testimony was merely cumulative and constituted harmless error.[7]

It is also contended that the evidence given at the trial was insufficient to support a verdict for Venera Shelton. It is argued that there was a complete lack of medical evidence concerning the injuries sustained by Mrs. Shelton and that there was no competent evidence showing her injuries to be the proximate result of the accident. The Oklahoma Court in an unbroken line of decisions has held that where the injuries complained of are of such a nature as to require skilled and professional men to determine the cause and extent thereof that it must be established by such competent testimony that the injuries were the direct and proximate result of the defendant's negligence in order to warrant recovery.[8]

In part Mrs. Shelton testified that since the accident one eye was

6. United States v. Monger, 10 Cir., 70 F.2d 361, 363; Niagara Fire Ins. Co. v. Muhle, 8 Cir., 208 F.2d 191, 196; Chicago & N. W. Ry. Co. v. Green, 8 Cir., 164 F.2d 55, 63; Prudential Ins. Co. of America v. Bialkowski, 4 Cir., 85 F.2d 880, 882; Corrigan v. United States, 9 Cir., 82 F.2d 106, 109; United States v. Woltman, 61 App.D.C. 52, 57 F.2d

418; 32 C.J.S. Evidence § 467, page 107; 20 Am.Jur., Evidence, § 858, p. 719.

7. St. Louis & San Francisco Railroad Co. v. Bateman, 112 Okl. 86, 240 P. 110.

8. Cushing Coca-Cola Bottling Co. v. Francis, 206 Okl. 553, 245 P.2d 84; Spivey v. Atteberry, 205 Okl. 493, 238 P. 2d 814, 27 A.L.R.2d 1259; James I.

crossing and losing its power to focus, and that she had been having certain female disorders. While she was competent to testify that she was suffering from these disorders, her testimony was not competent to establish that these subjective conditions were the proximate result of the accident. The conditions complained of were of a nature requiring competent medical testimony to establish their cause, and their cause could not by laymen be definitely attributed to the accident, absent expert medical testimony to that effect. The trial Court erred in allowing the jury to consider the question of these injuries in arriving at its award of damages.

It is contended that the Court erred in its instructions to the jury. Five exceptions were taken to the instructions. To one instruction the exception was " * * * we think it is not proper under the circumstances because we think that the testimony of the defendant shows she stopped, and didn't have to give a signal for a turn left." To another instruction, " * * * That is the one, Judge, saying that he had a right to assume that everybody, that others on the highway would use the highway lawfully in determining speed and ability to stop within the assured clear distance ahead. I don't know that that is the law, if the Court please, that he had the right to assume that." And to another, "It's about an emergency situation. I think that that instruction standing alone would not be proper, but if the Court would put in there that if he did anything to bring about his condition of peril, why then he couldn't, you know, he wouldn't be bound." The fourth and fifth exceptions were, " * * * I would like to except to 8–A" and " * * then 9 is on the same situation, Judge. I think I must protect myself on my theory about it, you know."

Rule 51 of the Federal Rules of Civil Procedure provides in part, "No party may assign as error the giving or the failure to give an instruction unless he objects thereto * * * stating distinctly the matter to which he objects and the grounds to his objection." In none of defendant's exceptions to the instructions were the matters objected to or the grounds for the objection stated sufficiently distinct to afford the trial Court an opportunity to correct errors in its instructions if such existed. The exceptions taken did not meet the requirements of the Rule of Civil Procedure and, therefore, the correctness of the instructions will not be reviewed on appeal.[9]

Defendant filed twenty-four requests for instructions. The failure to give some of these instructions, especially those dealing with defendant's right to the use of the road as a reasonable and prudent person, is assigned as error. Nowhere in the record does it appear that defendant objected to the Court's failure to give its requested instructions. In the absence of such timely objection the question of the Court's refusal to give defendant's instructions will not be reviewed on appeal.[10] The instructions given by the trial Court clearly, fairly and adequately presented to the jury every essential element necessary to arrive at a just and proper verdict under the law. Its refusal to give a requested instruction is not error if the matter has been adequately and correctly covered in the instruction given.[11]

Appellant contends that the Court erred in refusing to declare a mistrial on account of the weeping of J. D. and Venera Shelton in the presence of the jury while J. D. Shelton was being examined as a witness. At the time, J. D. Shelton was testifying to the condi-

Barnes Const. Co. v. Hargrove, 167 Okl. 348, 29 P.2d 573; Inter Ocean Oil Co. v. Marshall, 166 Okl. 118, 26 P.2d 399; Willet v. Johnson, 13 Okl. 563, 76 P. 174.

9. Hayes v. United States, 10 Cir., 1956, 238 F.2d 318, and cases cited therein.

10. Rule 51, Federal Rules of Civil Procedure.

11. Thiringer v. Barlowe, 10 Cir., 205 F.2d 476.

tion in which he found his children shortly after the accident. Appellant argues that the weeping was prejudicial to defendant's position and prevented a fair trial. The matter of declaring a mistrial is one resting largely in the discretion of the trial court, and the conduct of a party in weeping or crying in the courtroom does not necessarily justify a new trial, where it does not clearly appear that such conduct improperly influenced the jury.[12] Nothing in the record indicates that the trial Judge abused his discretion in not ordering a mistrial. It must be presumed that he was in the best position to discover whether plaintiff's conduct had such an effect upon the jury that the trial could not continue on a fair basis.

■■ Appellant contends that the trial Court erred in allowing attorneys for the plaintiffs to divide their time for final argument. Five minutes were used in the opening argument, limiting its scope to questions of negligence, and twenty-five minutes were used in the closing argument, limiting its scope to damages. Matters relating to final argument are largely within the discretion of the trial Court.[13] Nowhere is it indicated what elements in plaintiffs' closing argument prejudiced defendant's position, or toward what new matter, if any, they did not have the opportunity to reply. The arguments of counsel are not before this Court and it is impossible to discern whether defendant was prejudiced by plaintiffs' attorneys splitting their argument, as was done. The record is silent as to any request by defendant for additional time to answer the closing argument. In the absence of some indication of prejudice to defendant's position, it must be assumed that the trial Court acted within its discretion.

■■ Appellant contends that the trial Court erred in not declaring a mistrial after the jury had been in session for four hours and then stated in open court that they had not arrived at a verdict on any of the points or claims of the case. It is also argued that the Court erred in allowing the jury to separate for the night and return the following day to continue their deliberations. The record indicates that the jury received the charge and retired for its deliberations at three o'clock in the afternoon. At 7:05 p. m. that evening the jury returned to the courtroom at their own request, stating they had not reached a verdict at that time. They were then released for the night and reconvened the following day at 10:00 a. m., bringing in their verdict shortly after noon. On these facts the defendant argues that the Court abused its discretion in not declaring a mistrial. The record does not disclose any objection to the separation of the jury or to the resumption of deliberations on the following morning. Neither does the record show facts indicating an abuse of discretion by the trial Court in allowing the jury to separate and continue its deliberations the following morning. The Court acted within its discretion in refusing to declare a mistrial.

■■ Finally, it is argued that the verdict for plaintiffs is excessive and was based upon passion, prejudice and sympathy and that the trial Court erred in refusing to set the verdict aside on defendant's motion for a new trial. This Court in E. L. Farmer & Co. v. Hooks, 10 Cir., 239 F.2d 547, 554, certiorari denied 353 U.S. 911, 77 S.Ct. 669, 1 L.Ed.2d 665, stated:

> " * * * It is argued that the verdict is excessive and obviously the result of passion and prejudice. The question whether a verdict is excessive and is the result of passion and prejudice is one for the trial court to determine on motion for new trial. The action of the court in granting or denying a motion for new trial on that ground is not open

---

12. Tom Reed Gold Mines Co. v. Berd, 32 Ariz. 479, 260 P. 191, 57 A.L.R. 55; Aderhold v. Stewart, 172 Okl. 72, 46 P.2d 340.

13. Purington Paving Brick Co. v. Metropolitan Paving Co., 8 Cir., 4 F.2d 676, 682.

to review on appeal except for abuse of discretion. And ordinarily it will not be held on appeal that the trial court abused its discretion in denying a motion for a new trial on such ground unless it affirmatively appears that in respect to amount the verdict resulted from bias, prejudice, or passion." [14]

There is nothing in the record indicating that the verdict resulted from bias, prejudice or passion. Neither can it be said that the verdict was excessive considering the evidence of damages shown during the trial. The Court did not abuse its discretion in denying defendant's motion for a new trial.

The judgment for Venera Shelton is reversed and as to her the case is remanded for a new trial; in all other respects the judgment of the trial Court is affirmed. Costs are assessed one-half to appellant and one-half to appellees.

14. See also Chicago, Rock Island & Pacific Railway Co. v. Kifer, 10 Cir., 216 F.2d 753.