**Muriel WALKER and Karla Walker by her natural mother and next friend, Muriel Walker, Appellants,**

**v.**

**B. W. DEAN, Appellee.**

**No. 7515.**

United States Court of Appeals Tenth Circuit.

June 29, 1964.

Fred Vieux, Augusta, Kan. (Earl Youree, Wagoner, Okl., and Morris Moon, Augusta, Kan., with him on the brief), for appellants.

Robert T. Cornwell, Wichita, Kan. (Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, and Hugo T. Wedell and Homer V. Gooing, Wichita, Kan., of counsel, with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This appeal follows entry of judgment upon a jury verdict denying recovery to appellants for damages resulting from personal injuries suffered in an automobile accident occurring upon a Kansas open highway. Claim is made that the evidence was insufficient to support the submission of the issue of contributory negligence to the jury and that the court erred in other regards in its instructions.

Appellants are the wife and eleven-year-old daughter of Rev. Curtis G. Walker and were passengers in the family car being driven by Rev. Walker when it collided with the car driven by appellee. Walker had stopped his car upon the shoulder of the highway facing east. He told his family that he was going to drive across the highway to a gasoline station and that they should all look for oncoming cars. After alerting his passengers to the potential existence of danger, Walker proceeded very slowly forward, regained the highway and then very slowly made a ninety degree turn. As the car crossed the center dividing line it blocked the west-bound lane and was struck by appellee. Although visibility to the east was approximately one-eighth mile, neither Walker nor appellants saw appellee's car until immediately before impact. Walker's thirteen-year-old son, also a passenger, testified that after the family car had crossed the center line he "had a sensation" and "looked back east and I just saw this car coming." The boy yelled but it was too late.

Under the stated circumstances we think it clear that an issue of contributory negligence was properly raised albeit unlikely the issue was determina-

tive of the verdict.[1] It is the duty of the court to submit all issues of fact to the jury although each may have a different amount of evidentiary support. Compare Applegate v. Home Oil Co., 182 Kan. 655, 324 P.2d 203. No claim is made that the court's instructions did not correctly explain the duty of passengers to keep a proper lookout for their own safety and the limitations applicable to a child in regard to such duty.

■■■ Appellants further allege error in the court's refusal to give supplementary instructions concerning the verdict if the concurrent negligence of Rev. Walker and defendant proximately caused plaintiffs' injuries. We find no error in the court's refusal. It is a well-established rule that the instructions of the trial court must be considered as a whole and where the material issues in the case have been comprehensively and correctly covered in the general instructions, it is not error to refuse requested instructions even though they be correct statements of law. Employers Liability Assur. Corp. v. Freeman, 10 Cir., 229 F. 2d 547; Jones v. Griffin, 10 Cir., 216 F. 2d 885; Loew's, Inc. v. Cinema Amusements, Inc., 10 Cir., 210 F.2d 86, certiorari denied 347 U.S. 976, 74 S.Ct. 787, 98 L.Ed. 1115; Thiringer v. Barlow, 10 Cir., 205 F.2d 476; Brigham Young University v. Lillywhite, 10 Cir., 118 F.2d 836, certiorari denied 314 U.S. 638, 62 S.Ct. 73, 86 L.Ed. 512. The record indicates that the jury was given clear, comprehensive instructions which adequately covered the issues involved in this case. The court did not err in rejecting appellants' requested instructions.

■ Appellants also contend that the court erred in giving instructions concerning the laws of Kansas for the operation of motor vehicles upon the highway. These rules relate to the standard of care required of those operating vehicles upon the highway and therefore are significant in determining the negligence of the drivers, Rev. Walker and defendant,

and not their passengers. The inclusion of these rules in the instructions was not detrimental to plaintiffs' case since the court clearly stated in the following instruction that there was to be no imputation of negligence from the driver to his passengers:

> "You are instructed that the negligence, if any, of the driver of the automobile in which the plaintiffs were riding cannot be imputed to or charged against plaintiffs. Plaintiffs are chargeable only with their own negligence."

The judgment is affirmed.

Walker was the sole proximate cause of the accident.

---

1. The record as a whole would firmly support a finding that the negligence of