ORDER DENYING MOTION FOR JNOV, NEW TRIAL, REMITTITUR AND DENYING MOTION TO STRIKE
McCALLA, District Judge.
Before the court is defendants’ motion for judgment notwithstanding the verdict or for a new trial and, alternatively, for remittitur, filed May 9, 1994. The court conducted a hearing on assignment of error 11 on February 21, 1995. For those reasons stated herein, defendants’ motion for judgment notwithstanding the verdict, for a new trial, and/or for remittitur is DENIED. Also, the motion to strike, filed September 13, 1994, is DENIED.
Defendants allege 16 assignments of error:
1. Plaintiff failed to prove his ease by a preponderance of the evidence in that he failed to show that there was deliberate indifference on the part of Sheriff A.C. Gilless in his individual capacity;
2. The court erred in failing to grant qualified immunity to Sheriff A.C. Gilless in his individual capacity;
3. The plaintiff failed to prove his ease by a preponderance of the evidence as to Sheriff A.C. Gilless in his official capacity in that he failed to prove that Sheriff Gil- *800 less was deliberately indifferent to his safety needs or his serious medical needs;
4. The plaintiff failed to prove his case by a preponderance of the evidence in that he failed to establish a causal connection between the alleged conditions of his confinement and the subsequent attack and injuries;
5. The plaintiffs proof as to A.C. Gil-less in his official capacity adduced at trial was against the greater weight of the evidence and, therefore, was legally insufficient to send to the jury;
6. The plaintiff failed to prove his case by a preponderance of the evidence that what Sheriff Gilless and Shelby County did, or failed to do, in response to the Consent Order altered the outcome of the event(s);
7. The record is entirely void of any evidence to support the necessary findings that Shelby County deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States since plaintiff has relied on alleged violations of the Consent Order in Gilland v. Owens;
8. The court erred in exercising its discretion pursuant to Rule 403 of the Federal Rules of Evidence by barring testimony of a prior felony conviction and other convictions of plaintiff for crimes involving moral turpitude of dishonesty which were probative on the issue of plaintiffs credibility;
9. The court abused its discretion in refusing to permit counsel to cross-examine the plaintiff as to specific instances of past conduct probative of truthfulness or untruthfulness for the purpose of attacking his credibility;
10. The damages awarded the plaintiff were excessive and should be reduced because the jury acted out of passion and the award was not supported by the evidence;
11. The court erred in failing to instruct the jury that plaintiffs compensatory damages must be discounted to their present value and thus the compensatory damages awarded to plaintiff are excessive;
12. Plaintiff failed to introduce evidence sufficient upon which to base an award of punitive damages against defendant A.C. Gilless;
13. The court erred in barring the testimony of Ms. Kathy Canerdy whose testimony was proffered and who would have testified about the reputation of plaintiffs character for truthfulness or untruthfulness;
14. The Judge had a preconceived idea of defendants’ liability in this case before it went to trial as evidenced by comments made at the pretrial conference and comments made or actions taken during the course of the trial;
15. The court erred in imposing Rule 37 sanctions against the defendants by barring testimony of the classification and housing procedures beyond what had been provided in response to discovery requests; and
16. The court erred in imposing Rule 37 sanctions against the defendants barring testimony or evidence on housing of inmates in effect on or about December 17 through December 27, 1991.
When viewing a motion for new trial, the court views the evidence in the light most favorable to the party who obtained the jury verdict. Igo v. Coachmen Industries, Inc., 938 F.2d 650, 655 (6th Cir.1991) (quoting Portage II v. Bryant Petroleum Corp., 899 F.2d 1514, 1523 (6th Cir.1990)). Such a motion should be denied if the verdict is one that reasonably could have been reached, even though a trial judge might reach a different conclusion if the trial judge were the trier of fact. Wayne, et al. v. Village of Sebring, et al., 36 F.3d 517, 525 (6th Cir.1994).
The standard for a motion for judgment notwithstanding the verdict is the same as that for a directed verdict: a directed verdict is proper where there is a “complete absence of pleading or proof on an issue or issues material to the cause of action or where there are no controverted issues of fact upon which reasonable men [or women] could differ.” Rockwell International Corporation v. Regional Medical Services, 688 *801 F.2d 29 (6th Cir.1982). In determining whether to grant a directed verdict, the court must “view the evidence in the light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences.” Wayne, 36 F.3d at 525.
The court will address defendants arguments starting with the first assignment of error. Defendants assert that plaintiff failed to prove by a preponderance of the evidence that there was deliberate indifference on the part of Sheriff Gilless in his individual capacity. However, when viewing the evidence in the light most favorable to plaintiff, the proof shows that Sheriff Gilless was deliberately indifferent to plaintiffs rights. Plaintiff testified that he, as a pre-trial detainee, was placed in a pod with post-trial detainees; that he had a medical condition which required that he be placed on the medical floor; and that he was denied adequate exercise and recreation. The testimony further showed that Sheriff Gilless was aware, because of a prior class action decision by this court, Gilland v. Owens, 718 F.Supp. 665 (W.D.Tenn.1989) (finding unconstitutional conditions at the Shelby County Jail), that placing pre-trial and post-trial detainees together in jail not only violated the 14th Amendment rights of the pre-trial detainees, but also created a dangerous situation; and further, the proof shows that Gilless was aware that medical services at the jail were inadequate. Yet, Sheriff Gilless, vested with the authority and responsibility to correct the unconstitutional conditions, failed to do so.
Testimony from guards at the facility clearly demonstrated that Sheriff Gilless did not train the officers in regard to separation of pre- and post-trial detainees. Thus, the failure by Gilless to correct the unconstitutional policy of placing pre- and post-trial detainees together at the Shelby County Jail, and his failure to train and/or supervise his employees about this unconstitutional condition is sufficient evidence from which the jury could have determined that Sheriff Gil-less, in his individual capacity as policy maker and/or supervisor of the Shelby County Jail, was deliberately indifferent to the constitutional rights of plaintiff. Accordingly, the jury could have reasonably determined that defendant Gilless was liable in his individual capacity under 42 U.S.C. § 1983, and therefore, assignment of error number 1 is without merit.
The motion with respect to issue number 2 above, alleging that the court erred in failing to grant qualified immunity to Sheriff Gilless in his individual capacity is also DENIED. Defendants do not raise any arguments not already considered and denied by the court on this issue.
Regarding assignment of error number 3 above, defendants assert that plaintiff failed to show that Gilless, in his official capacity, had knowledge of a threat to plaintiffs safety or that plaintiff was deprived of medical care for his serious medical needs. As noted above, Gilless had knowledge of the threat to plaintiffs safety by virtue of his failure to separate pre-trial and post-trial detainees as required by the Gilland order and he continued to allow conditions to exist which he knew to be unconstitutional and potentially dangerous. The testimony at trial shows that formulating and/or changing the policies of the jail, which contributed to, or created, the unconstitutional conditions, was within the power of Sheriff Gilless. His failure to do so is evidence from which a jury could reasonably determine that he actively participated in conduct which continued the high level of violence at the jail and which ultimately led to plaintiffs injuries. Likewise, defendant Gilless’ failure to correct policies and/or train personnel about adequate medical care, is conduct which a jury could determine directly impacted the failure to provide plaintiff with adequate medical care.
The evidence was uncontroverted that for the entire eleven (11) days that plaintiff was in the Shelby County Jail prior to the beating, plaintiff was never given his dilantin. This medication was necessary to help control plaintiffs seizure disorder. As reflected in the jail documents, this omission occurred despite plaintiff having informed the officials at the jail that he had a seizure disorder. The evidence further shows that following the beating, plaintiff lay on the floor for a *802 considerable period of time before being discovered by jail personnel and taken for medical treatment. After receiving medical treatment and returning to the jail, plaintiff was denied the medication prescribed to him at the hospital. Based on the record before the court, viewing the evidence in the light most favorable to plaintiff, it would be reasonable for a jury to conclude that such deliberate indifference to plaintiffs serious medical needs was a direct result (the proximate cause) of policies and customs at the jail, created and implemented by Sheriff Gilless. Accordingly, argument number 4 is also without merit.
Plaintiff next argues, at number 5 above, that the verdict finding Gilless liable in his official capacity was against the greater weight of the evidence and this issue should not have been sent to the jury. Viewing the evidence in the light most favorable to plaintiff, see discussion of evidence at assignment of error 4, supra, and giving plaintiff the benefit of all reasonable inferences, defendants have not met their burden of showing that there is a complete absence of proof on this issue or that there were no controverted issues of fact upon which reasonable jurors could differ. Thus, a judgment notwithstanding the verdict is not supported in this ease.
At alleged errors numbered 6 and 7, defendants contend that plaintiff did not prove by a preponderance of evidence that defendants’ actions or omissions as to the consent order had any effect on the outcome of the events in this case, and that plaintiff is only relying on alleged violations of the consent order to show that the plaintiffs rights were violated, and not any actual evidence of unconstitutional conditions. Although the jury could consider the Findings of Fact and Conclusions of Law in the Gilland case, and plaintiff did rely in part on this evidence, there is other competent proof in the record which demonstrates that the unconstitutional conditions which brought about the Findings of Fact in the Gilland Order were continuing two and one-half years later, when the incidents in this case occurred.
Plaintiff testified that he was placed in a pod which contained between 2 and 4 convicted felons. W. Brown confirmed almost every aspect of plaintiffs testimony, including that pre- and post-trial detainees were not being separated. In light of clearly established law in this case, as set out in Gilland, defendants have not put forth any reasons to support a policy where pre- and post-trial detainees are confined together. The jury was able to weigh the credibility of Mr. Raymond Nelson, the court-appointed monitor who spoke about improvements to the facility. Evidence in the record could support a finding that he was biased and that his testimony could, therefore, be discounted. He was paid several thousand dollars by defendants to come and testify, and was under a contract with the Sheriffs Department at the same time. W. Brown also testified that the “pod man system” was in effect at the time plaintiff was at the Shelby County Jail and that this system — where the pod man determines discipline, phone access and other privileges within the pod — contributed to the dangerous conditions at the jail.
Defendants in point number 8 state that the Court erred in barring the testimony of a prior felony conviction and the conviction of plaintiff for crimes involving moral turpitude or dishonesty which were probative on the issue of credibility; and at number 9, that the court erred by refusing to permit cross-examination of plaintiff as to specific instances of past conduct. These issues have already been raised by defendants and were denied. The current motion does not raise any arguments not already considered and denied by this court; and accordingly, assignments of error numbered 8 and 9 are unavailing for defendants.
Defendants argue at number 10 above, that the damages awarded to plaintiff were excessive and should be reduced because the jury was impermissibly motivated by passion. Generally, a jury verdict is not remitted by a court “unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party’s loss.” Jackson v. City of Cookeville, 31 F.3d 1354, 1358 (6th Cir.1994) (quoting Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1395 (6th Cir.1990)).
*803 A jury verdict should only be remitted when, after reviewing all the evidence in the light most favorable to the party receiving the damages award—the awar-dee—, “the court is convinced that the verdict is clearly excessive, resulted from passion, bias or prejudice; or is so excessive or inadequate as to shock the judicial conscience of the court.” Id. Based on the evidence offered at trial, from which a jury could have determined the amount of damages, the award of damages was not excessive.
In the instant case, a physician testified that plaintiff would have lifelong disability. Plaintiff is no longer able to run or participate in sports that he previously enjoyed, like ice skating or water skiing. He walks with a limp and is required to wear a TENS unit to control the pain. He has had a total hip replacement, suffered broken ribs and a broken wrist, endured the pain of the injuries, suffering, surgery and had to learn to walk again. His broken wrist bones have deprived him of his livelihood and enjoyment of his hobbies. Plaintiff continues to have blurred vision as well as a significant hearing loss, and has experienced significant psychological trauma. Plaintiff also testified that he has nightmares and paranoia, and that the trauma resulting from the attempted rape deprived him of his ability to have intimate physical relations for several years. He continues to have body memory experiences where his face swells and he experiences physical pain again. Plaintiff, according to the testimony, will continue to need psychological counseling for an indeterminate amount of time.
The jury took notes throughout the eight days of trial and were unanimous in their verdict. Based on the record, the Court is of the opinion that their verdict was consistent with the proof on damages in the record, and was not clearly excessive, or the result of passion, bias or prejudice. Thus, this court DENIES defendants’ request for remittitur on this issue.
In assignment of error 11, defendants assert that the Court erred in failing to instruct the jury that plaintiffs compensatory damages must be discounted to their present value. As noted above, the Court conducted a hearing on February 21, 1995, on this alleged error. Having reviewed the submissions by the parties and the relevant case law, the Court DENIES defendants’ motion for new trial with regard to the issue of present value.
Prior to instructing the jury on the law in this case, the Court asked and received proposed jury instructions. The Court then compiled a set of instructions which was reviewed in open court, line by line. The jury charge did not contain an instruction on present value, and defendants neither made an objection to the instruction on damages nor requested the Court to charge the jury on present value. Defendants proposed instructions contained no instruction on present value, and defendants proffered no testimony at trial concerning a present value reduction. This post trial motion is the first time that defendants have raised this issue.
Pursuant to Federal Rule of Civil Procedure 51, no party may assign an error for the Court’s failure to give an instruction “unless that party objects thereto before the jury retires to consider its verdict.” This Rule has been interpreted to mean that if a party fails to object to an instruction, or lack thereof, prior to jury deliberation, then the objection is waived unless the instruction or omission occurred as a result of plain error. See Libbey-Owens Ford v. Ins. Co. of N. America, 9 F.3d 422, 427 (6th Cir.1993) (Appellant must have requested the Court to remove the contested issue from the jury or must have objected to the instructions regarding the contested issue to preserve the issue for appeal.)
Defendants rely on Monessen S.W. Railway, Co. v. Morgan, 486 U.S. 330, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988), for the proposition that it is error for a trial court to fail to reduce damages to present value. That case, however, is distinguishable from the one at bar. In Monessen, a railroad employee, who was injured in a work related fall, brought a negligence action against the railroad under the Federal Employers’ Liability Act. The trial judge refused to instruct the jury regarding present value and instead instructed them that it “ ‘used to be’ that juries were to *804 reduce an award to ‘something called present worth,’ but that the law now provided that there need not be such a reduction.” Id. at 340, 108 S.Ct. at 1845. The Supreme Court determined that it was error for the Court to refuse to instruct the jury to reduce an FELA award to present value.
The instant case is distinguishable from Monessen in that defendants never requested an instruction on present value and did not object to the jury charge. The Sixth Circuit visited this issue when deciding Broan Manufacturing Co. Inc., et al., v. Associated Distributors, Inc., 932 F.2d 1146 (6th Cir.1991). In a very brief opinion written by Judge Kennedy upon consideration of a motion for reconsideration of remand, the Court stated that failure to instruct the jury to reduce future damages to present value, when neither party requested such instruction nor objected to its absence, was not plain error in that case. The Court cited Kokesh v. American S.S. Co., 747 F.2d 1092, 1095-96 (6th Cir.1984) as a case sufficiently analogous to lend support to this proposition.
Kokesh involved a Jones Act and general admiralty and maritime law case where the jury awarded a seaman $500,000 plus interest for injuries he had suffered. The trial court did not instruct the jury to reduce future damages to present value and neither party raised the issue on appeal. In determining that the failure to instruct the jury with regard to present value was not error, “plain or otherwise,” the Court declined to follow the principle set out in Rodgers v. Fisher Body Division, 739 F.2d 1102 (6th Cir.1984). Rodgers, a decision rendered four months earlier by the Court, addressed this issue sua sponte and held that it was plain error for the trial court not to instruct the jury on reducing future damages to present value. Rodgers, at 1107. The Kokesh Court went on to explain that the Court was “confident that the Rodgers court did not intend to pronounce an invariable rule of general application.” Kokesh, at 1096. Further the Court noted that while the damages award was “generous, it was supported by sufficient proof and was not shockingly large.” Id. The Court went on:
“We see no reason to question the jury instructions solely because they did not include a charge on reducing future damages to present worth, an instruction which neither party requested or evidently desired.”
In the instant case, the omission of an instruction on present value, when neither party made a request for such an instruction nor objected to the omission, is, under the case law in the Sixth Circuit as stated by the Court in Kokesh and cited with approval in Broan, not plain error.
Defendants also contend, at number 12 above, that plaintiff failed to introduce evidence sufficient upon which to base an award of punitive damages against defendant Gilless. It appears, however, that the jury could have reasonably found that Gilless’ conduct in refusing to abide by the Federal Court Order and his failure to take remedial measures to change the unconstitutional conditions at the jail, amounted to reckless or careless indifference to the federally protected rights of plaintiff. This reckless or careless indifference is sufficient to support an award of punitive damages. Smith v. Wade, 461 U.S. 30, 55, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983). Therefore, the request to eliminate the punitive damages against Gilless is DENIED.
At assignment of error 13, defendants argue that the court should have allowed Ms. Kathy Canerdy, plaintiffs ex-wife, to testify regarding plaintiffs character for truthfulness or untruthfulness. Since defendants did not proffer plaintiffs ex-wife as a witness, the motion on this issue is without merit.
Defendants next argue that the court had a preconceived idea concerning the defendants’ liability as evidenced by the comments made at the pretrial conference and during the course of the trial. The court has reviewed these comments and hereby determines that defendants’ assignment of error number 14 should be DENIED.
Lastly, at numbers 15 and 16, supra, defendants aver that the court erred in imposing Rule 37 sanctions against defendants by barring testimony on the classification *805 and housing procedures beyond what had been provided in response to discovery requests, and testimony on the housing of inmates from December 17 through December 27, 1991. These sanctions, imposed by the court, were more limited than other permissible sanctions outlined in Federal Rules of Civil Procedure 26 and 37. Despite all Orders of the Court to the contrary, as well as the requirements under the Federal Rules of Civil Procedure, defendants refused to update answers to interrogatories, refused to adequately investigate to determine responses to interrogatories, refused to disclose documents to plaintiff, and during trial, continually attempted to put documents into evidence not previously disclosed to plaintiff. For such flagrant violation of this Court’s Orders and disregard of the Federal Rules of Civil Procedure, the sanctions imposed by the court were justified.
For the foregoing reasons, the motion for judgment notwithstanding the verdict, for a new trial and/or for remittitur is DENIED.
The Court has considered the motion to strike, and hereby, determines that it is not well taken and is, therefore, DENIED.
SO ORDERED.