**Rosa RIVERA, et al., Plaintiffs,**

v.

**Periodicos TODO BAYAMON and Todo Norte, et al., Defendants.**

**Civ. No. 93–2123 (DRD).**

United States District Court,
D. Puerto Rico.

July 31, 1997.

Pedro J. Salicrup, Hato Rey, PR, for Rosa L. Rivera, Roberto Reyes–Perez, Conjugal Partnership Reyes–Rivera.

Francisco J. Hernandez–Rentas, Bayamon, PR, Miriam R. Ramos–Grateroles, Bayamon, PR, for Periodico Todo Bayamon, Benjamin Rodriguez.

Francisco J. Hernandez–Rentas, Bayamon, PR, Miriam R. Ramos–Grateroles, Bayamon, PR, Enrique Velez–Rodriguez, San Juan, PR, for Periodico Todo Norte.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

## I. INTRODUCTION

Pending before this court is Defendants' Motion Requesting Mistrial. (Docket No. 148.) Defendants argue that Plaintiff Rosa Rivera's emotional outburst at the end of closing arguments had an unreasonably prejudicial effect on the jury and, thus, the court should grant a mistrial. Secondarily, Defendants argue that the court erred in failing to charge an instruction cautioning the jury against the undue prejudice that could stem from Plaintiffs' conduct. Plaintiffs opposed the motion, (Docket No. 155), arguing that there is no evidence showing that the jury produced a verdict moved by passion, prejudice nor sympathy generated by the incident. Further, Plaintiffs argue that Defendants waived their objection as to the lack of jury instructions since they failed to object prior to the jury's deliberation.

The court finds that the incident improperly influenced the jury. Therefore, pursuant to Fed.R.Civ.P. 59(a)(1), the court grants Defendants' timely motion and orders a new trial.

## II. FACTUAL BACKGROUND

On February 27, 1997, the jury heard the parties' closing arguments in this case and the court ordered a recess until the following morning, when the court was to provide jury instructions and deliberations were due to begin. As the jury was exiting the courtroom, immediately after Defendants' counsel had ended closing arguments, Plaintiff Rosa Rivera suffered a panic attack, during which she began to scream loudly and then collapsed.[1] This attack is attributed to a condition from which she suffers and is basis for her ADA claim before the court.

Immediately after this incident, the court in chambers and on the record interrogated Marshall, Security Officer, Jesus M. Coriano, who swore under oath that the last juror saw the outburst. He stated that he was not sure about how many jurors had left the courtroom or had gone beyond the courtroom door. "I'm not sure about that. I was holding the door when the last one passed and I heard the noise. I asked what is that. . . . The last [juror] said the lady fell down." Transcript of Proceedings, Feb. 26, 1997, at 2. *See* Ex. 1. When asked if the other jurors were close to him, C.S.O. Coriano replied: "Very close. When I heard the noise, I start [sic] pushing the people, the jurors [into the jury room]." *Id.* And he added: "If I may. They were making comments inside the jury room about the incident." *Id.* at 3.

Because the yelling of Plaintiff Rivera was of high pitch, loud and continued to be constant, the court requested the marshall to evacuate the jury from the jury room, located directly behind the bench, in order to avoid as much as possible further tainting of the jury.

In camera, Defendants' attorney immediately requested a mistrial. The court determined that the request was premature. Notwithstanding, the court believes that the incident had an undue prejudicial influence on the jury, not curable by any instructions.

On March 13, 1997, Defendants timely filed the motion object of this order.

## III. STANDARD AND ANALYSIS

### A. Emotional Outburst as Grounds for Mistrial

A district court may grant a new trial, "in an action in which there has been a trial by

---

1. The court granted the parties equal time for final oral arguments, offering Plaintiffs an opportunity for rebuttal. Plaintiffs, however, consumed all of their allotted time in their original presentation. Hence, Defendants made the final presentation to the jury immediately before Plaintiff Rivera's emotional outburst.

jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a)(1).

■■■ Courts should closely scrutinize the potential prejudicial effects upon the jury of a party's voluntary or involuntary "emotional demonstrations" during trial. *Price v. H.B. Green Transportation Line,* 287 F.2d 363, 365 (7th Cir.1961). The trial judge may consider whether or not a mistrial should be granted on this basis. *Id.* The consideration of this matter "is peculiarly within the discretion of the trial judge for he is in a better position ... to asses the potentially prejudicial impact of such conduct by parties, witnesses and counsel." *Malandris v. Merrill Lynch, Pierce, Fenner & Smith,* 703 F.2d 1152, 1178 (10th Cir.1981) (citations omitted). "It must be presumed that [the trial judge] was in the best position to discover whether the plaintiff's conduct had such an effect upon the jury that the trial could not continue on a fair basis." *Id.* at 1179 (quoting *Franklin v. Shelton,* 250 F.2d 92, 99 (10th Cir.1957)). *See generally Chakrabarti v. Cohen,* 31 F.3d 1, 5 (1st Cir.1994) (holding that trial court did not abuse its discretion in ordering new trial based on the belief that fairness required a fresh start).

In the *Malandris* case, the plaintiff began to cry and scream during redirect examination before the jury. Immediately, the defendant's attorney requested a mistrial, which the court denied. Subsequently, the defendant's attorney moved again for a new trial, using the plaintiff's emotional outburst as grounds. The court denied the motion again, stating, *inter alia,* that "[t]he intervening day of testimony and weekend between the [plaintiff]'s conduct and closing arguments and submission to the jury must be considered in evaluating any effect of this unfortunate incident on the jury's deliberation." *Malandris v. Merrill Lynch, Pierce, Fenner & Smith,* 703 F.2d at 1178. In addition, the trial court found that the emotional

outburst had been a genuine human response consistent with the plaintiff's condition as described in the testimony of two psychiatrists. *Id.* at 1179. The defendants appealed the ruling.

The circuit court concluded that the trial court had not abused its discretion in denying the motion for mistrial and stated that "the conduct of a party in weeping or crying in the courtroom does not necessarily justify a new trial, *where it does not clearly appear that such conduct improperly influenced the jury.*" *Id.* (quoting *Franklin v. Shelton,* 250 F.2d at 99:) (emphasis added). *See also* 12 James W. Moore, *Federal Practice* § 59.22[5] (3d ed. 1997) (stating that a motion for a new trial may be granted if a party's conduct is unduly prejudicial).

■■■ In the present case, the court does not harbor any doubts that Plaintiff's panic attack was genuine.[2] However, the attack's genuineness becomes irrelevant given that her intense outburst and collapse on the floor was the last occurrence in the trial which the jury witnessed before deliberation. The timing was particularly unfortunate since counsel for the defense had just finished final arguments, stressing particular inconsistencies in Plaintiff Rivera's testimony.

Having observed the incident, the court finds that the outburst was so intense and at such a momentous and pivotal time in the trial that it had a prejudicial effect on the jury, compromising the trial's fairness not curable by any instruction.[3] For this reason, the court concludes that a new trial is warranted.

## B. Jury Instructions

■■■ Although irrelevant at this stage, Defendants also object to the lack of jury instructions cautioning the jury against the undue prejudice that could stem from the incident. Plaintiffs correctly argue that the court cannot rule on this untimely objection.

---

**2.** Plaintiff Rivera remained lying down on the well of the court for approximately one half hour, being attended by ambulance paramedics who subsequently hospitalized her. Plaintiff Rivera was not present the next day when the court gave final instructions to the jury.

**3.** The court provided the general instruction that cases should not be decided upon sympathy.

"No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict...." Fed. R.Civ.P. 51. Hence, at this time, the court is barred from considering the purported error regarding the lack of jury instructions. See *Pulliam v. Shelby County, Tennessee,* 902 F.Supp. 797, 803 (W.D.Tenn.1995).

Notwithstanding Defendants lack of request for an instruction, the incident itself is still appropriate grounds for granting a new trial. In *Pulla v. Amoco Oil Company,* 72 F.3d 648, 656 n. 13 (8th Cir.1995), the appellate court stated that, while Rule 51 prevents a party from making an argument as to a jury instruction in a Rule 59 motion not previously objected, an objection is not required in order to file a Rule 59 motion on other grounds. Rule 51 only governs challenges to the text of the jury instructions, requiring litigants to raise any objections in a timely manner in order to prevent litigants from ensuring a new trial by covertly relying on the error. *Id.* On this basis, the appellate court found that the trial court erred in having ruled, pursuant to Rule 51, that the defendant had waived its Rule 59 motion, given that the motion had been filed on other grounds. *Id. See also Trustees of the Central States, Southeast & Southwest Areas Pension Fund v. Golden Nugget, Inc.,* 697 F.Supp. 1538, 1547 (C.D.Cal.1988).

As to this issue, Plaintiffs direct the court's attention to the case of *Kerr–Selgas v. American Airlines, Inc.,* 69 F.3d 1205 (1st Cir. 1995). However, said case is inapposite because the grounds upon which the appellant requested a new trial were, precisely, the trial court's failure to give jury instructions that were never requested by the appellant. Since appellant failed to object at the appropriate time, the allegation of error was barred and so was the Rule 59 motion. Unlike *Kerr–Selgas,* in the present case, Defendants argue that the emotional outburst itself is grounds for the Rule 59 motion. Therefore, granting of the motion is still appropriate.

In addition, Rule 59 does not contain a jury instruction requirement in order to proceed with the motion. The rule does have two requirements that were duly complied by Defendants. First, a party must file the motion no later than ten days after entry of the judgment, Fed.R.Civ.P. 59(b), fulfilled by Defendants; and second, a party injured by another party's conduct must timely object to such conduct, 12 James W. Moore, *Federal Practice* § 59.22[5] (3d ed. 1997). Defendants also complied when counsel immediately moved for mistrial, on the record.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion Requesting Mistrial is **GRANTED.** Hence, a new trial shall be held.

**IT IS SO ORDERED.**